**REPUBLIC OF CHINA et al. v. AMERICAN EXP. CO., Inc.**

United States District Court
S. D. New York.
Oct. 16, 1952.

Burke & Burke, New York City, for plaintiffs, J. B. Burke, and J. F. Taylor, New York City, of counsel.

Carter, Ledyard & Milburn, New York City, for defendant, W. S. Gaud, Jr., New York City, of counsel.

SUGARMAN, District Judge.

The Republic of China and Directorate General of Postal Remittances and Savings Bank (hereinafter called Republic) brought suit in this court against the American Express Company, Inc. (hereinafter called Express) for a fund, which Republic had deposited with Express. Express defended by asking that the Central People's Government of the People's Republic of China and others (hereinafter called Central), claimants to the fund, be interpleaded and that Express, after depositing the fund in court be discharged. That motion was granted. 95 F.Supp. 740, 744.

An appeal from the order granting the motion was taken by Republic. On the motion of Express that appeal was dismissed. 2 Cir., 190 F.2d 334. After the entry by the district judge of the "determination" alluded to in 190 F.2d 334, and of a judgment for interpleader, an appeal was taken therefrom which resulted in an affirmance. 2 Cir., 195 F.2d 230.

Prior to the first appeal, Express paid into the registry of this court, pursuant to the original district court order, the sum involved. Shortly after Republic took its first appeal from the order, an employee of Express mailed, to points outside of the United States, copies of the order of interpleader, Republic's complaint, Express' answer and counterclaim and a letter of explanation to each of the persons named in the order of interpleader except "John Doe" and "Richard Roe", by whom was intended any one, other than those specifically named having a claim against the fund.

In the opinion of the district court granting the interpleader, 95 F.Supp. 744, the questions of proper venue and process were deliberately reserved for the second stage of litigation. It was indicated in that opinion that in the second stage, the deposit of the fund in the registry of this court might recast the litigation into an action *in rem* in which jurisdiction against non-residents not otherwise obtainable,

might be obtained under § 1655 of Title 28 U.S.C.A. Notwithstanding that indication, Republic served no notice of any nature whatsoever, whereas Express merely mailed the notices above referred to, excluding "John Doe" and "Richard Roe".

Upon the recent application by counsel for Republic, the case was set for trial on October 16, 1952. It now appears that Republic asks to proceed with what is in essence an inquest. This poses a problem of jurisdiction which seems to be one of initial impression.

 Reducing these proceedings to date, what we have is this:—Republic commenced a suit on a debt against Express. Express, by its success in the interpleader application, and the deposit of the disputed fund into court, brought the first stage of the proceeding to a close and eliminated itself as a party litigant. This initiated the second stage, i. e., Republic's claim to the fund on deposit against any one asserting a conflicting claim. I am of the opinion that, before Republic can proceed to the trial of that issue, it must establish jurisdiction in the court by proper service upon the possible adverse claimants. Such jurisdiction is established by one of three methods, either (a) voluntary appearances by the interpleaded defendants, (b) personal service upon them within the territorial jurisdiction of the court in interpleader, or (c) constructive service by compliance with § 1655 of Title 28 U.S.C.A.

Proof of any of these modes of notice being lacking, the court is indisposed to take proof on the merits. Even if the court were to deem adequate the service by mail, after the order but before the judgment, above referred to, on certain of the proposed defendants to be interpleaded, named in the order and judgment, there still remains the absence of any service even by such notice on the defendants, "John Doe" and "Richard Roe", which omission, without correction, is fatal to further proceedings.

Accordingly, this cause is remanded to the calendar commissioner, not to be restored for trial until such time as there is proof of jurisdiction over all defendants directed to be brought in by the judgment of interpleader.