Kenneth A. BERTSCH, Plaintiff,

v.

Samuel S. CANTERBURY, Defendant.

No. 15971.

United States District Court
S. D. California, Central Division.

July 29, 1955.

Reuben P. Rott, Lodi, Cal., and Sheridan, Orr, Bates & Barnes, Ventura, Cal., for plaintiff.

Churchill & Teague and James C. Hollingsworth, Ventura, Cal., for defendant.

JAMES M. CARTER, District Judge.

This case involves Rule 25(a) (1), Fed.Rules Civ.Proc. 28 U.S.C.A. and requires a decision as to whether the section provides only for the substitution of a party, or provides also a means of securing *in personam* jurisdiction over such substituted party where none had been previously acquired over the original party.

Bertsch commenced an action against Canterbury in 1953, in the Superior court of Ventura County, California, alleging a cause of action for assault and battery. Canterbury was personally served with process while he was in California attending sessions of the state court under appearance bond in connection with a criminal prosecution growing out of the same assault and battery. The case was removed to the District court under its diversity jurisdiction, Canterbury being a citizen of Oklahoma and Bertsch being a citizen of California. A motion to quash the service of summons was granted upon the ground that the defendant was immune from service while attending under bond, criminal proceedings in the California courts.

The action pended, other attempts were made to again serve Canterbury with process while allegedly on trips to California. On May 13, 1954, Canterbury died in Oklahoma, and his will was admitted to probate in that state. The First National Bank and Trust Company of Tulsa, incorporated under the laws of the United States, with its principal place of business in Tulsa, was in May 1954, appointed executor of Canterbury's estate.

Thereupon plaintiff moved for an order pursuant to Rule 25(a) of the Federal Rules of Procedure, for substitution of the executor as a party defendant in this action in place of Canterbury, deceased, and for an order fixing a reasonable time for said executor to plead or answer herein. No service of process was made upon Canterbury, other than the one heretofore quashed by this court.

The plaintiff has served notice of its motion and supporting papers on the executor in Tulsa, Oklahoma, on the firm of attorneys for Canterbury, and has generally complied with the provisions of Rule 25(a).

Rule 25(a) (1) Rules of Civil Procedure reads as follows:

"(a) Death.

"(1) If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district."

Under California law the death of the defendant does not extinguish plaintiff's claim for the alleged tort. California Civil Code, Sec. 956.

Section 778 of old Title 28 U.S.C.A., prior to the revision of Title 28 in 1948, read as follows:

"§ 778. Death of parties; substitution of executor or administrator.

"When either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. The defendant shall answer accordingly, and the court shall hear and determine the cause and render judgment for or against the executor or administrator, as the case

may require. *And if such executor. or administrator, having been duly served with a scire facias from the office of the clerk of the court where the suit is depending twenty days beforehand, neglects or refuses to become party to the suit, the court may render judgment against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself a party.* The executor or administrator who becomes a party as aforesaid shall, upon motion to the court, be entitled to a continuance of the suit until the next term of said court.

"The provisions of this section shall apply to suits in equity and in admiralty as well as to suits at law, and the jurisdiction of all courts of the United States shall extend to and over executors and administrators of any party, who dies before final judgment or decree, appointed under the laws of any State or Territory of the United States, and such courts shall have jurisdiction within two years from the date of the death of the party to the suit to issue its scire facias to executors and administrators appointed in any State or Territory of the United States which may be served in any judicial district by the marshal thereof. No executor or administrator shall be made a party unless such service is made before final settlement and distribution of the estate of said deceased party to the suit.

"This section shall apply to suits in which any party has deceased prior to November 23, 1921, as well as to suits in which any party may have died thereafter or may die hereafter." R.S. § 955; Nov. 23, 1921, c. 142, §§ 1, 2, 42 Stat. 323, 324; Dec. 22, 1921, c. 18, 42 Stat. 352. (Emphasis added).

Plaintiff contends, that by this motion, he may not only substitute the executor in place of the deceased, Canterbury, as party defendant, but may also subject the executor in Oklahoma to the *in personam* jurisdiction of this court; and that he is entitled not only to the order of substitution, but also an order requiring the executor to appear and plead. Plaintiff relies on In re Connaway, 1900, 178 U.S. 421, 20 S.Ct. 951, 44 L.Ed. 1134, and Commercial Solvents Corp. v. Jasspon, Inc., D.C.N.Y.1950, 92 F.Supp. 20. Defendant resists the substitution, largely because of the second part of the motion, namely the obtaining of *in personam* jurisdiction over the executor where none previously existed over the deceased, Canterbury.

Had this case arisen before the repeal of Sec. 778, Title 28 U.S.C.A. as part of the revision of Title 28 in 1948, we would conclude that the Connaway case controlled, and that plaintiff's contentions were correct.

In re Connaway, etc., 1900, 178 U.S. 421, 20 S.Ct. 951, 44 L.Ed. 1134, arose from a case in a trial court in the Ninth Circuit, Connaway v. Overton, C.C.N.D. Cal.1899, 98 F. 574. In the trial court, Overton was never served with process. After his death a writ of scire facias was served on his executor but the trial court subsequently quashed the writ. Later, on a suggestion of death, the executor was substituted for the deceased and an alias summons was issued and served on the executor. On motion, the trial court set aside the substitution and the attempted service under the alias summons.

In re Connaway, supra, in the U. S. Supreme court was an original proceeding by petition for mandamus to require the trial court to take jurisdiction of the case and the substituted executor. The Supreme court granted a rule to show cause and after hearing said, "The return of the rule to show cause is confined to the action of the circuit court on the alias summons. But its action for setting aside the writ of scire facias is also

here for review," 178 U.S. at page 425, 20 S.Ct. at page 953, and held "that the Circuit Court erred in setting aside the scire facias" and the rule for mandamus was made absolute. 178 U.S. at page 435, 20 S.Ct. at page 956. The case is thus a square holding based on § 955 Revised Statutes (later § 778, Title 28 U.S.C.A.) that, although there had been no service of process on the deceased Overton, by the writ of scire facias, jurisdiction in personam was acquired over his executor to whom the writ ran.

Sec. 955 Revised Statutes,[1] became Sec. 778, 28 U.S.C.A., and with an amendment in 1921 broadening its scope,[2] it was operative on the effective date of the Rules of Civil Procedure on September 16, 1938, and until its repeal on the revision of Title 28 on September 1, 1948.

Although the Advisory Committee on Rules stated in their note that Rule 25 (a) (1) was based on former Equity Rule 45 and § 778, Title 28 U.S.C.A., the Committee also stated:

> "2. This rule modifies U.S.C.A., Title 28, former §§ 778 (Death of parties; substitution of executor or administrator), 779 (Death of one of several plaintiffs or defendants), and 780 (Survival of actions, suits, or proceedings, etc.), in so far as they differ from it."

This is the heart of the problem. Rule 25 (a) (1) F.R.C.P. did not take all of old Sec. 778, Title 28 U.S.C.A. The Rule provides for substitution of parties and for service of notice on parties and non-parties and that such service could be made "in any judicial district." It does not provide and has no language in any way resembling the following portion of Sec. 778:

> "And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where the suit is depending twenty days beforehand, neglects or refuses to become party to the suit, the court may render judgment against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself a party. * * *"

Thus, after the Civil Rules were adopted, Rule 25 made provision for substitution of parties only. § 778 Title 28 U.S.C.A., until its repeal in 1948, still provided for securing *in personam* jurisdiction over the party so substituted, if such jurisdiction had not been previously acquired of the original party. The method of securing *in personam* jurisdiction under Revised Statutes, § 955 as shown by the holding In Re Connaway, supra, ended with the repeal of § 778 in 1948.

The fact that the legislative history[3] of such repeal states that the section was repealed because it "superseded by Rules 25 and 81 of the Federal Rules of Civil Procedure," does not breath into Rule 25 the full substance of old § 778.

This reasoning leaves us in accord with all the authorities cited;—In Re Connaway, supra in 1900, where *in personam* jurisdiction was acquired over the substituted party by scire facias under Revised Statutes, § 955, even though

---

1. The first paragraph of section 778 constitutes R.S. § 955, which was derived from Act Sept. 24, 1789, c. 20, § 31, 1 Stat. 90.

2. Act Nov. 23, 1921, c. 142, § 1 added thereto the second and third paragraphs of Sec. 778. Res.Dec. 22, 1921, c. 18, struck out from the second paragraph after the words "appointed under the laws of any State or Territory of United States," the words "in which the action is pending."

3. H.Rep. No. 308 to accompany H.R. 3214, 80th Cong., 1st Sess. 1947, p. A239. Rule 81 provides: "(b) Scire Facias and Mandamus. The writs of scire facias and mandamus are abolished. Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules."

the original party was not served; Luster v. Martin, 7 Cir., 1932, 58 F.2d 537, 539–540, certiorari denied 287 U.S. 637, 53 S.Ct. 86, 77 L.Ed. 552 and Plimpton v. Mattakeunk Cabin Colony, Inc., D.C. Conn.1934, 6 F.Supp. 72, both decided before Rule 25 and while § 778 (§ 955, Revised Statutes), was in force but both being cases where the original party had been served; Commercial Solvents Corp. v. Jasspon, D.C.S.D.N.Y.1950, 92 F.Supp. 20, after the repeal of § 778 where substitution was ordered after personal service had been made previously on the original party.

We conclude that Rule 25(a)(1), F.R.C.P. provides for substitution of a party and that the service of notice on parties is required only for the purpose of such substitution; that if *in personam* jurisdiction has been previously acquired of the original party, then the *in personam* jurisdiction continues over the substituted party; that if no *in personam* jurisdiction had been acquired over the original party, then the substitution of a new party under Rule 25(a)(1), F.R.C.P. does not supply *in personam* jurisdiction to proceed with the action but only places the substituted party in the same position as the original party, i. e., a party to the action, but one who must be still served with process to secure *in personam* jurisdiction over him.

The motion to substitute the executor as party defendant in lieu of Canterbury, deceased, is granted. The motion to require the executor to appear and plead is denied. The effect of this holding is to substitute the executor for the original party, Canterbury, but to leave the case in exactly the same status as it was prior to Canterbury's death, i. e., a named defendant, but no *in personam* jurisdiction over that defendant.