**Bill RANSOM**

v.

**Frances Hugh BRENNAN et al.**

**Civ. A. No. 67-H-256.**

. United States District Court
S. D. Texas,
Houston Division.

Jan. 24, 1969.

Jake Johnson, Houston, Tex., for plaintiff.

Ronald C. Kline, of Bracewell & Patterson, Houston, Tex., for defendants.

### Memorandum and Order

SINGLETON, District Judge.

This cause was filed on April 4, 1967. Plaintiff seeks to recover damages for breach of an oral contract. Jurisdiction is based on diversity; plaintiff is a citizen of Texas and defendant is a citizen of Alabama. During the pendency of the suit, however, defendant died. After defendant's attorney filed a suggestion of death upon the record under Rule 25 (a) (1), Fed.R.Civ.P., plaintiff timely filed his motion of substitution of the executrix of the deceased defendant under the same rule. The Court granted the motion and process was served upon defendant's attorney in the manner provided by Rule 5, Fed.R.Civ.P. The case is now before the Court on defendant's motion to dismiss for want of jurisdiction and for failure to state a claim upon which relief can be granted.

### I. *Jurisdiction.*

Defendant contends that the Court does not have personal jurisdiction over the substituted party, the executrix. It is contended that service under Rule 5 is insufficient and that the executrix should have been personally served. Defendant's contention is not supported by the cases. Bertsch v. Canterbury, 18 F.R.D. 23 (S.D.Cal.1955) involved a suit between a citizen of California and a citizen of Oklahoma which had been removed to Federal District Court. Plaintiff never acquired personal jurisdiction over the defendant and during the pendency of the suit defendant died. Plaintiff substituted defendant's Oklahoma executor under Rule 25(a). This was allowed, but a question arose as to whether the Court had acquired *in personam* jurisdiction over the executor. Although the Court responded in the negative, the opinion sets forth guidelines for resolution of the jurisdictional question in the present case.

The Court said:

"We conclude that Rule 25(a) (1), F.R.C.P., provides for substitution of a party and that service of notice on the parties is required only for the purpose of such substitution; that if *in personam* jurisdiction has been previously acquired of the original party, then the *in personam* jurisdiction continues over the substituted party; that if no *in personam* jurisdiction had been acquired over the original party, then the substitution of a new party under Rule 25(a) (1), F.R.C.P. does not supply *in personam* jurisdiction to proceed with the action but only places the substituted party in the same position as the original party, i. e., a party to the action, but one who must be still served with process to secure *in personam* jurisdiction over him." Bertsch v. Canterbury, *supra,* at 27. *See also,* Commercial Solvents Corp. v. Jasspon, 92 F.Supp. 20 (S.D. N.Y.1950).

Defendant makes no contention that this Court lacked jurisdiction over the original party, thus his contention that the Court lacks jurisdiction over the substituted party must be rejected.

### II. *Failure to State a Claim Upon Which Relief Can Be Granted.*

This contention of the defendant is a little more involved. He contends that even if service of the executrix under Rule 5 is sufficient to invoke the jurisdiction of this Court, it is not sufficient notice under the Alabama statute dealing with the revival of claims against an estate.

Section 215 of Title 61 of the Alabama Code provides:

"§ 215. *When revival of suit a presentation.*—The revival of any action pending against any person at the time of his death, which by law survives against his personal representative, by notice served on the executor or administrator, within six months after the grant of letters, shall be considered as a presentation of the claim on which the action is founded."

Section 211 of the same code provides for the barring of claims not presented within the six month period. Thus the provisions are in effect a statute of limitations.

 Defendant contends that statutes of limitation are substantive matters and in diversity actions the state law must govern. He cites Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231 (1945). Defendant is correct, but he misconstrues the problem. The problem is not whether to apply the Alabama statute of limitation, but rather whether notice under Rule 5 is sufficient. Plaintiff served the executrix under Rule 5 well within the six month period required by the Alabama statute. The Alabama statute remains intact; plaintiff asks the Court neither to extend nor reduce the six month period.

The only question that remains is with regard to the sufficiency of the service of process. Is the answer to this question governed by Federal or State law? The recent Supreme Court case of Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), is in point. It held that the question of adequacy of service of process was to be determined by the Federal Rules not state law. *Hanna* also involved a state revivor statute, which provided for a method of notice which conflicted with the federal procedure. Since the method of service employed in the present case is sufficient under federal substitution procedure, Rule 25(a) (1), Fed.R.Civ.P., defend-

ant's claim that it is insufficient to toll the Alabama statute must be rejected.

Therefore, for the reasons set forth above, it is ordered, adjudged, and decreed that defendant's motion to dismiss be, and it is hereby, denied.