**Bill RANSOM, Plaintiff-Appellee,**

v.

**Frances Hugh BRENNAN, Executrix, of the Estate of William J. Brennan, Deceased, Defendant-Appellant.**

**No. 28558.**

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1971.

514

Ronald C. Kline, Bracewell & Patterson, Houston, Tex., for defendant-appellant.

Jake Johnson, Houston, Tex., for plaintiff-appellee.

Before GODBOLD, SIMPSON and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

In this appeal we are concerned with the consequences of the plaintiff's failure to substitute properly as a party defendant the executrix of a deceased defendant, in the manner provided by Fed.R.Civ.P. 25(a) (1):

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the mo-

tion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The decision of the court below entered on the denial of the executrix's motion to dismiss is reported at 46 F.R.D. 16 (S.D.Tex.1968).[1]

The plaintiff-appellee, a resident of Texas, brought this diversity case for breach of contract, against William J. Brennan, a resident of Montgomery County, Alabama, in the United States District Court for the Southern District of Texas. Service of process was effected through the Secretary of State of Texas. Brennan appeared through Ronald C. Kline, of the firm of Bracewell and Patterson, of Houston, Texas. During the pretrial stages Brennan's death was suggested on the record by Kline. Within 90 days, on March 20, 1968, plaintiff moved to substitute Brennan's executrix, who had been appointed by the Probate Court of Montgomery County, Alabama. Her residence and relationship to the decedent were not alleged, but it appeared later that she was decedent's widow and that she too resided in Montgomery County, Alabama.

The motion was not served on the executrix, a person not a party within the meaning of Rule 25(a) (1), in the manner provided by Fed.R.Civ.P. 4. Instead, counsel for plaintiff, presumably intending to act under Rule 5, which relates to service of pleadings and other papers, mailed the motion to Kline. Plaintiff's counsel made the usual certificate of mailing, describing Kline therein as "Attorney of Record herein for the Defendant."[2]

1. This decision is the subject of extensive discussion in 3B Moore, Federal Practice, ¶ 25.04 [3], at 25.141 et seq. (2d ed. 1969).

2. The notice of hearing is a separate document, filed March 29, 1968. It reads as follows:

"You are hereby notified that on April 8, 1968, at or about the hour of 9 a. m. o'clock, or as soon thereafter as the counsel for Plaintiff may be heard, the Plaintiff in the above styled action will move the court to revive the above styled action against you as executrix of the will of William J. Bren-

The motion to substitute was granted on April 9. Several months later the executrix, through Kline, moved to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. That motion was denied, 46 F.R.D. 16, and the case went to trial. After plaintiff won a $30,000 jury verdict, the executrix appealed, asserting *inter alia*, the jurisdictional issue.

In considering whether it had jurisdiction over the executrix, the District Court appeared to consider as determinative the fact that William J. Brennan had been validly served with process. Since there had been jurisdiction over him, the court thought it unnecessary to "reacquire" jurisdiction over the substituted party, who merely represented the decedent's interest, thus obviating the necessity for a "second" service of process. 46 F.R.D. at 17. This was error.

Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution. *See* Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93 (1893);

Clarke v. Mathewson, 12 Pet. 164, 9 L.Ed. 1041 (1838); Ford Bacon & Davis v. Volentine, 64 F.2d 800 (5th Cir.1933); Cross v. Evans, 86 F. 1 (5th Cir.1898). A substituted party steps into the same position of the original party. Chief Justice Marshall first pronounced the rule in American jurisprudence: "Defendant upon the scire facias can only plead what the intestate could have pleaded; and [that] it is not to be considered as a proceeding against the representative of the deceased, but a continuance of the original action." McKnight v. Craig Adm'r, 6 Cranch 183, 187, 3 L.Ed. 193 (1810).[3] But descriptions of the consequences of substitution do not answer the inquiry of what the court, having subject matter jurisdiction, must do to obtain personal jurisdiction over the party sought to be substituted. The inquiry is especially pointed in this instance in which the federal court in Texas seeks to reach the nonresident representative of the estate of a nonresident defendant.

This leads us to consider the nature of Rules 4 and 5. Rule 5[4] is clerical and

---

nan, Deceased, and to enter an Order continuing such action against you as such executrix, and to substitute you as a Defendant in the above styled action."

The certificate of service certifies that: "I, JAKE JOHNSON, Attorney for the Plaintiff herein, hereby certify that a true and correct copy of the foregoing has been duly served on Frances Hugh Brennan, by placing same in the United States Mail, Certified Mail, Return Receipt Requested, postage prepaid, addressed as follows: Frances Hugh Brennan, Executrix of the Will of William J. Brennan, c/o Ronald C. Kline, Bracewell & Patterson, Attorneys at Law, 1808 First City National Bank Building, Houston, Texas, 77002, on this the ————— day of —————, 1968."

The certificate is unsigned.

3. Scire facias is a procedure one use of which is to revive or continue an action on the death of a party. It was authorized in federal courts by 28 U.S.C. § 778 (1946), which was repealed in 1948. Additionally, Fed.R.Civ.P. 81(b)

abolished the procedure and, in line with the spirit of the Rules, replaced motion practice in its stead. Hence, Rule 25 provides for substitution by motion. *See generally* 3B Moore, ¶ 25.05, at 25–163.

4. Rule 5 reads in relevant part to this case:
 "*Service and Filing of Pleadings and Other Papers*
 "(a) *Service: When Required.* Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served

administrative in nature. It is captioned "Service and Filing of Pleadings and Other Papers," and pertains only to papers "subsequent to the original complaint." If the party is represented by an attorney these papers are served only on such attorney unless otherwise ordered by the court.

> upon them in the manner provided for service of summons in Rule 4.
>
> "(b) Same: How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; * * *
>
> \* \* \* \* \*
>
> "(d) Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter."

5. Rule 4 reads in relevant part to this case:

> Process
>
> "(a) Summons: Issuance. Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants.
>
> "(b) Same: Form. The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. * * *

On the other hand, Rule 4 [5] is jurisdictionally rooted.[6] It is captioned "Process" and indicates the manner in which original process is served in variegated situations. In most instances process will be served personally on defendant. However, Rule 4 does announce methods by which substituted

> "(c) By Whom Served. Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose, except that a subpoena may be served as provided in Rule 45. * * *
>
> "(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> "(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.
>
> \* \* \* \* \*
>
> "(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. * *
>
> "(g) Return. The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process. * * *"

6. Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–445, 66 S.Ct. 242, 90 L.Ed. 185, 191 (1946). Cf. Robertson v. Railroad Labor Board, 268 U.S. 619, 622, 45 S.Ct. 621, 69 L.Ed. 1119, 1121 (1925).

Fed.R.Civ.P. 82 says that the Rules are not intended to affect the jurisdiction of the federal courts. But this relates only to subject matter jurisdiction rather than the means of bringing the defendant before the court. Mississippi Publishing, supra, 326 U.S. at 445, 66 S.Ct. at 246, 90 L.Ed. at 191.

service may be effected—for example, service of process on a defendant by leaving a copy of the process papers at his usual abode with a suitable person, or service of process on an authorized agent.

■ The difference between Rules 4 and 5 is demonstrated when a counterclaim is filed by a defendant naming an additional party to the case over whom the court previously has not acquired jurisdiction. This pleading, although normally filed in the manner prescribed in Rule 5, must be served together with a summons on the new party pursuant to Rule 4. *Cf.* Republic of China v. American Express Co., 108 F.Supp. 169 (S.D. N.Y.1952). Also, when an amended complaint, normally served in conformity with Rule 5, asserts an additional claim against a party who has not appeared in the original suit, the pleading must be served in accordance with Rule 4 in order that the court obtain personal jurisdiction over the new party. *See* Wright & Miller, Federal Practice and Procedure: Civil, § 1146. We conclude, therefore, that Rule 4 service of the motion to substitute is for the purpose of acquiring personal jurisdiction over non-parties, and Rule 5 service of the motion is not sufficient to acquire such jurisdiction and cannot be employed in lieu of Rule 4.

The District Court relied upon the following language from Bertsch v. Canterbury, 18 F.R.D. 23 (S.D.Cal.1955):

> We conclude that Rule 25(a) (1), F. R.C.P. provides for substitution of a party and that the service of notice on parties is required only for the purpose of such substitution; that if *in personam* jurisdiction has been previously acquired of the original party, then the *in personam* jurisdiction continues over the substituted party;

that if no *in personam* jurisdiction had been acquired over the original party, then the substitution of a new party under Rule 25(a) (1), F.R.C.P. does not supply *in personam* jurisdiction to proceed with the action but only places the substituted party in the same position as the original party, i.e., a party to the action, but one who must be still served with process to secure *in personam* jurisdiction over him.

18 F.R.D. at 27. The holding of *Bertsch* is in the third clause of the quoted language, that if no *in personam* jurisdiction had been acquired over the decedent there must be service on the substituted executor to get *in personam* jurisdiction over it.[7] In the instant case the court relied upon the second clause and concluded that since it had jurisdiction over the decedent it therefore had jurisdiction over the executrix. The dictum of the second clause is subject to the construction that it is a restatement of Justice Marshall's teaching in McKnight v. Craig Adm'r, *supra*; that is, a description of the jurisdiction of the court over the substituted party once substitution has been effected. If this second clause is construed otherwise, as a statement that *in personam* jurisdiction over the original party so continues over the party named as a potential substitute as to subject him to the power of the court without the necessity of service of process, then in our opinion it is wrong, and we decline to adopt any such principle.[8]

■ The record does not show that Kline was attorney for the executrix when the motion was served on him. And, even if he were, service of process is not effectual on an attorney solely by reason of his capacity as attorney. Rule 4(d) (1) allows service on an agent only if "authorized by appointment or by law

7. *See also* Goldlawr, Inc. v. Shubert, 175 F.Supp. 793 (S.D.N.Y.1959), aff'd, sub nom. Goldlawr, Inc. v. Heiman, 288 F.2d 579 (2d Cir. 1961), rev'd on other grounds, 362 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

8. Moore also is of the opinion that the District Court misinterpreted the *Bertsch* decision. 3B Moore, ¶ 25.04(3), at 25–142 n. 10.

to receive service of process." *See generally* 4 Wright & Miller, Federal Practice & Procedure: Civil § 1097.[9]

 The appellee contends that under the circumstances the service requirements of Rule 25(a) (1) should be relaxed. He asserts that the executrix must have had actual notice of the motion, pointing to the service of the motion itself on Kline, who had been the decedent's attorney,[10] to Kline's subsequent appearance for the executrix and to the fact that the executrix filed no denial that Kline was attorney for her at the time he received the motion. Assuming the executrix had such actual notice, which plaintiff infers that she must have had, it would not operate as a substitute for process. "Indeed, whenever a defendant comes into court to challenge the service of process he, of necessity, has received notice of the suit, but, clearly mere 'notice' is not a sufficient ground upon which a court can sustain the validity of service of process when Congress has established other definitive standards." Berner v. Farny, 11 F.R.D. 506, 509 (D.N.J.1951). Thus we conclude that the District Court had no jurisdiction over the executrix of Brennan.

 The appellant seems to contend that, in any event, she could not be reached with process by the Texas federal court, even under Rule 4, because she is beyond the territorial limits of Texas and has no relationship with that state, and has carried on no transactions in that state such as would subject her to service of process by any court in that state. However, under Rule 25(a) (1) the motion and notice of hearing may be served "in any judicial district." And it is now established that Rule 25(a) (1) service on the executor of a named defendant is valid although made beyond the territorial limits of the state in which the district court is held. Iovino v. Waterson, 274 F.2d 41 (2d Cir.), cert. denied, Carlin v. Iovino, 362 U.S. 949, 80 S.Ct. 860, 4 L.Ed.2d 867 (1960); Commercial Solvents Corp. v. Jasspon, 92 F. Supp. 20; 10 F.R.D. 356 (S.D.N.Y. 1950); 3B Moore, ¶25.05, at 25–163. As to due process objections the *Iovino* court held: "[I]n this limited area Congress may use its power to provide for service of process anywhere in the United States in such a manner that in all suits properly in the Federal courts by or against United States citizens, including diversity suits, substitution of their personal representatives may be had on their decease." 274 F.2d at 48. Professor Moore points out, this principle is strengthened by the 1963 amendment to Rule 4(f) which provides that service of process may be made beyond the territorial limits of the state in which the district court is held "when authorized by these rules." 3B Moore, ¶25.05, at 25–163.

In her motion to dismiss, the executrix made a second, and unsuccessful, contention that the plaintiff did not state a claim upon which relief could be granted. This was predicated on the theory that plaintiff's claim against the estate of the decedent had not been timely presented under the provisions of Alabama law. Tit. 61, § 215, Code of Ala. (1958 Recomp.), governs presentation of a claim where decedent has died with an action pending against him:

> *When revival of suit a presentation.* —The revival of any action pending against any person at the time of his death, which by law survives against his personal representative, by notice served on the executor or administra-

---

9. Under Texas law, an attorney, by his capacity alone, is not empowered to receive process for his client. *See* Scarborough v. Bradley, 256 S.W. 349 (Tex. Civ.App.1923).

10. It should be noted that, under Texas law and under general agency principles, the death of the client terminates the relationship between the attorney and his client. *See* Gray v. Cooper, 23 Tex.Civ. App. 3, 56 S.W. 105 (Tex.Civ.App.1900); Restatement (Second) of Agency § 120 (1958). *See also* Talbot v. Ledgewood Circle Shopping Center, 194 F.Supp. 189 (E.D.N.Y.1961).

tor, within six months after the grant of letters, shall be considered as a presentation of the claim on which the action is founded.

The District Court denied the motion considering the six month period of this section to be an Alabama statute of limitations which had been complied with since, in its view, the executrix had been "served" under Rule 5; thus the court was not required to consider either extension or reduction of the period.

■■■ But whether under Alabama law a claim has been, or can be, presented against the estate in Alabama is not determinative of whether this action pending in Texas can, after defendant's death, go forward against the executrix as a party substituted under Rule 25(a) (1). The point of entry for analysis is not the Alabama law of decedents' estates governing either method or time limit for presenting a claim—it is Rule 25(a). That rule is the procedural device which, for the federal district court, controls the manner in which substitution of parties may be effected following the death of a party in an action which survives under state law. 3B Moore ¶25.04 [3], at 25.141. Under general principles of conflict of laws, whether a cause of action survives the death of the defendant is determined by the law of the jurisdiction in which the cause of action arose. 15A C.J.S. Conflict of Laws § 22(8), at p. 539; Annot., 42 A. L.R.2d 1170 (1953); *cf.* Gray v. Blight, 112 F.2d 696 (10th Cir.1940). We find no authority that the Texas conflict of laws rule is to the contrary. This cause of action arose in Texas, and under the law of that state a cause of action for breach of contract survives the death of the defendant. *See* Hutchings v. Bates, 393 S.W.2d 338 (Tex.Civ.App.1965), aff'd, 406 S.W.2d 419 (1966).

■■■ If the cause of action survives, the *method* employed by the federal court to substitute the executrix as a party is directed by the federal rules, though inconsistent with state law.

Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Since Rule 25 is a valid procedural rule, it therefore follows that the terms of Rule 25, and federal court decisions interpreting its meaning, control the manner of effecting substitution in the federal courts. And conflicting state law dealing with the manner of effecting substitution in state court should not prevail over the requirements of Rule 25.

3B Moore ¶25.04 at 25–141. As we have pointed out above, the motion was timely *filed* but was not *served* by the method prescribed by Rule 25(a) (1). Rule 25(a) (1), however, does not prescribe the *time* within which the motion and notice of motion must be *served* "upon persons not parties in the manner provided in Rule 4," nor does Rule 4 contain a time limitation for service. Such a limitation affects substantive rights and, thus, is controlled by state law. *See* Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The pertinent state law is that of Texas. We are led to this conclusion by two considerations. The law of revivability (subject, of course, in a diversity case to the procedural requirements of Rule 25(a) (1)) is that of the forum state. *See* 3 Beale, Conflict of Laws, § 498.1, p. 1527. And, the time limitation for bringing in the executrix as a party is parallel to a statute of limitations, which for the federal court in a diversity action is that of the forum. Restatement of Conflict of Laws, § 603 (1934); *see* Guaranty Trust Co., of New York v. York, *supra*. Accordingly, we resort to the law of Texas to ascertain the time limitation within which the executrix must be brought into this suit by service upon her of the Rule 25(a) (1) motion.

■■■ In Texas jurisprudence there is no express period of time within which the decedent's representative or successor must be introduced into the suit. Texas case law, however, has filled the gap by providing that the sub-

stitution must be within a reasonable time after defendant's death. *See* Morris v. Drescher, 123 S.W.2d 958 (Tex. Civ.App.1939); Trahan v. Roberts, 48 S.W.2d 503 (Tex.Civ.App.1932); Wooton v. Jones, 286 S.W. 680 (Tex.Civ. App.1926); Hermann (Hermann Hospital Estate) v. Higgins Oil & Fuel Co., 260 S.W. 1094, 1095 (Tex.Civ.App.1924). Most of the prolonged period since Brennan's death has been devoted to litigation of the difficult questions which this case raises, and from March, 1968 to the present, plaintiff has been, though erroneously, the beneficiary of an order granting his motion to substitute. Applying Texas standards, we conclude that in this particular instance the plaintiff should be allowed a reasonable time after remand to serve his Rule 25(a) (1) motion and notice on the executrix in the manner provided by Rule 4, if he wishes to do so. If plaintiff does comply with Rule 4 within a reasonable time, the District Court should enter an order permitting substitution, and the plaintiff then may proceed to a new trial.

 A caveat is in order. In this opinion we have considered the Texas law concerning substitution of a decedent's representative or successor for the limited purpose of ascertaining an applicable time limitation for Rule 25(a) (1) service. We do not reach the effect on this case of the substantive decedents' estates law of Texas, of Alabama, or of any other state, governing presentation of claims against an estate. The time and the manner in which a claim against an estate must be proved is governed by the law of the state in which proof is sought to be made. Restatement of Conflict of Laws, §§ 498–499, 555–556 (1934).[11] Failure to prove a claim in one state within the time there limited is immaterial to the proof of claim in another state, Restatement, § 498 comment a. Presentation of claim is a matter for the District Court to consider on remand, or to be considered in connection with the enforceability of a judgment, if obtained. It would be premature for us to attempt to decide the effect of Alabama's § 215, or the presentation of claims laws of any other states, on this Texas-based diversity action in which substitution of parties, if effected, will be under Rule 25(a) (1) rather than state revivor procedures.[12] If consideration becomes appropriate the matter must be resolved in the light of the federal-state interplay evidenced by Hanna v. Plumer.[13]

11. Of course, we do not exclude the possibility that the nonclaims structure of some particular state could be such that it might be preempted at least in part by the operation of a Rule 25(a) (1) substitution of parties.

12. Texas is one of the few states which has no nonclaims statute barring claims not filed within a certain period. 17B Vernon's Ann.Tex.Stat. §§ 298, 327 (1956).

In Alabama, a claim not in litigation at the time of decedent's death is barred unless presented by filing it in verified form in the office of the judge of probate of the county in which letters testamentary or of administration have been granted, within six months from the grant. Tit. 61, §§ 211, 214, Code of Ala. (1958 Recomp.). If the claim is in litigation at the time of decedent's death, Alabama, by § 215, quoted *supra*, employs as a presentation the revival within six months of the action (if it survives). Sec. 215, however, is not a revival statute. It is a part of the state code of Wills and Administration, located in the chapter on Administration of Estates, and the article on Claims and Debts. Alabama's revival statutes are in Tit. 7, §§ 153 and 154, while § 215 simply employs revival of the action as a means of presentation of a claim.

13. Moore caveats the possibility that state nonclaims and revivor statutes may contain requirements over and above Rule 25(a) (1) exemplifying state policy of protecting administration of decedents' estates which must be recognized in federal courts. 3B Moore, ¶ 25.04 [3], at 25–144. However, we do not imply, by using Moore's phrase of "over and above," that we either reject or embrace the possibility that notice to a representative of the estate which would be effectual to satisfy the decedents' estate law of a particular state [i. e., the requirements

Reversed and remanded for further proceedings not inconsistent with this opinion.

for presenting a claim] might be *less* stringent than the notice required by Rule 25(a) (1) to substitute the personal representative as a party.