United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-50513
Summary Calendar

RICHARD C. RAY,

Plaintiff-Appellant,

versus

HAROLD F. KOESTER, also known as
Harold F. Keester,

Defendant-Appellee.

On Appeal from the United States District Court
for the Western District of Texas
(W-01-CV-347)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The first issue in this *pro se* appeal is whether the district court concluded correctly that a suggestion of death filed by defendant Koester's attorney in August 2002 began the 90-day period for filing a  motion to substitute party under FED. R. CIV. P. 25(a)(1).  We review *de novo* the district court's interpretation of the Federal Rules of Civil Procedure.  ***Bellaire General Hosp. v. Blue Cross Blue Shield of Mich.***, 97 F.3d 822, 827 (5th Cir. 1996).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The second issue is whether the district court declined properly to grant Ray a second extension of time in which to comply. This decision is reviewed for abuse of discretion. *See* **Geiserman v. MacDonald**, 893 F.2d 787, 793 (5th Cir. 1990). (Ray's motion to file a corrected reply brief is **GRANTED**.)

Ray filed his action, arising from a motor vehicle accident, against Koester on 5 December 2001; Koester answered Ray's complaint. Koester's attorney filed a suggestion of death on 20 August 2002 (Defendant Koester died on 18 August 2002). The suggestion of death was served on Ray on the same day; he received it on 26 August.

On 26 November, Koester's attorney filed a motion to dismiss because Ray had not filed a motion to substitute party within 90 days of the suggestion of death, as required by FED. R. CIV. P. 25(a)(1). On 9 December, Ray responded by requesting a 30-day extension to so file. On 23 December, the court granted an extension to 6 January 2003. The order stated: "Failure to respond to Defendant's Motion to Dismiss or to properly submit a fully compliant Motion for Substitution will result in the dismissal of Plaintiff's lawsuit against Defendant".

On 8 January 2003, Ray filed a response to the motion to dismiss. He did not file a motion to substitute party. On 5 February 2003, Ray filed a motion entitled "Plaintiff's Motion for Substitution of Death", which sought information about who would be

2

named the successor to Koester.  On 31 March, the district court issued an opinion and order in which it concluded that the 20 August 2002 suggestion of death began Rule 25's 90-day period.  The court declined to grant a further extension of time and dismissed this action.

Rule 25 provides that, when a party to litigation dies, a court may order substitution of the party.  It states, in relevant part: "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party".  FED. R. CIV. P. 25(a)(1).

Ray did not file a motion for substitution within 90 days after service of the suggestion of death.  He contends that the suggestion was not adequate to begin the 90-day period because it did not identify a proper party to succeed Koester.  The district court concluded that Rule 25 does not require that the suggestion specifically identify the proper party, and that the 20 August 2002 suggestion was sufficient to begin the 90-day period.

The district court was correct.  Rule 25 does not require that the suggestion of death identify the successor party.  *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998).

The district court chose, within its discretion, to grant Ray an extension of time to comply with Rule 25.  In so doing, it

3

stated that failure to reply to the motion to dismiss or to file a motion to substitute party by 6 January 2003 would result in dismissal. Ray failed to do either. Essentially for the reasons stated by the district court in its 31 March 2003 order, it was within the district court's discretion to decline to offer a further extension.

*AFFIRMED*