# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10085

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

KEVA NUCKOLS SAMPSON,

> Plaintiff - Appellant

v.

ASC INDUSTRIES,

> Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

This appeal raises the question of whether personal service of a suggestion of death on a deceased-plaintiff's estate is required in order for the ninety-day time limit to run for the substitution of a party under Federal Rule of Civil Procedure ("Rule") 25. For the reasons outlined below, we hold that personal service is required.

## I.

Rebecca Breaux ("Breaux") brought this age discrimination action against her employer ASC Industries on May 6, 2012. On May 24, 2013, Breaux's attorney Lurlia Oglesby ("Oglesby") filed with the court a statement in accordance with Rule 25(a)(3) noting that Breaux had died. On July 9, 2013,

the district court stayed the action pending the substitution of parties. After the ninety days allotted for the substitution of a party under Rule 25(a)(1) passed without any motion being filed, and on August 30, 2013, ASC Industries moved for the action to be dismissed pursuant to the rule. On the next business day, September 3, 2013, the district court granted ASC Industries' motion to dismiss.

On October 1, 2013, Oglesby filed a motion on behalf of Breaux's estate to alter or amend the judgment of dismissal. On October 15, 2013, Oglesby filed a motion on behalf of Breaux's estate to substitute Breaux's daughter, and the independent executrix of Breaux's estate, Keva Nuckols Sampson ("Sampson") as the plaintiff in this action. On October 29, 2013, the district court held a hearing on both of the motions filed by Oglesby on behalf of Breaux's estate. Following the hearing, the district court ordered mediation and allowed the parties to engage in further discovery. After an unsuccessful mediation, on December 19, 2013, the district court, in a written order and opinion, denied the motions to alter or amend the judgment of dismissal and to substitute a party.

In its order, the district court rejected Breaux's estate's argument that the ninety-day time period did not run after the notice of death was filed pursuant to Rule 25. Breaux's estate contended that the time period did not run because Oglesby did not properly serve Breaux's estate, which Oglesby now represents. Breaux's estate argued that when the notice was filed with the court, Oglesby was acting as the attorney for the deceased-plaintiff and did not have a non-party to serve. ASC Industries countered that since Oglesby was retained by Breaux's estate, Oglesby was in a position to move for the substitution of parties within the ninety-day period.

The district court found that conversations between Sampson and Oglesby in May 2013 "caused Oglesby to become an attorney for Breaux's

2

No. 14-10085

estate in this action . . . and that both [Sampson and Oglesby] viewed Oglesby to be the attorney for the estate in this action from that point forward." *Breaux v. ASC Industries*, 298 F.R.D. 339, 345 (N.D. Tex. 2013). The district court concluded that Oglesby was aware that the ninety-day time period was running once she filed the suggestion of death. For that reason, the district court presumed that Sampson, i.e. Breaux's estate, had adequate notice of the ninety-day time period in which a motion for substitution should have been filed. The district court stated that Oglesby was acting on behalf of Sampson when she filed the notice of death in May 2013. The district court also emphasized that Oglesby never filed a request for an extension of the ninety-day time limit. Accordingly, the district court concluded that given the absence of a motion for an extension, the ninety-day time period appropriately ran and the action was properly dismissed.

Sampson now appeals the district court's dismissal contending that the dismissal was in error because Breaux's estate did not receive personal service of the suggestion of death.

## II.

The interpretation of Rule 25(a) is a question of law, which we review de novo. *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 827 (5th Cir. 1996). Rule 25 states that when a party dies and the claim is not extinguished, a statement noting death must be served on parties in accordance with Rule 5 *and on non-parties in accordance with Rule 4.* Fed. R. Civ. P. 25(a). Following the *service* of the statement noting death, a motion for substitution of the proper party must be made within ninety days or the action must be dismissed. Fed. R. Civ. P. 25(a)(1).

Personal representatives of a deceased-plaintiff's estate are non-parties that must be personally served under Rule 25. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[T]he suggesting party must serve other parties and

nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), *while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons*.") (emphasis added) (internal citation omitted); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985) ("Where, as here, a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative."). "Personal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired." *Fariss*, 769 F.2d at 962.

Service of the notice of death on the personal representative for a deceased-plaintiff's estate is generally required, even where it is difficult to determine who the personal representative is. *Id.* ("In some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action."). Service on the attorney for the plaintiff-decedent's estate will not suffice as service on the estate. *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (holding that even though the attorney for the decedent's estate was noticed, the successor or representatives of the deceased-party's estate were required to be noticed as well).

In *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008), a case with similar facts as those of the instant appeal, the Seventh Circuit found that a notice of death filed by a deceased-plaintiff's attorney but not served on the deceased-plaintiff's estate did not suffice to start the ninety-day clock. *Id.* at 873–74. The court formed this conclusion even though the deceased-plaintiff's

wife who later became the representative of his estate was aware of her husband's death and may have been aware that the suggestion of death was being filed on her behalf.[1] *Id.* at 873. The court stated:

> The case law makes clear that . . . notice to the lawyers, service on the lawyers, knowledge of all concerned-nothing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor. The rule is of greatest importance in cases such as *Farris* in which it is the opposing party that has filed the suggestion of death, but insistence on service even when the decedent's lawyer is the person making the suggestion makes a certain amount of sense; it protects the nonparty from finding [herself] in a situation in which a lawyer for someone else (the decedent) has thrust [her] into a case that [s]he would rather not be in, or at least not as the client of this lawyer.

*Id.* at 874.

We have yet to speak precisely on the question of whether a deceased-plaintiff's estate must be personally served the suggestion of the plaintiff's death in order for the ninety-day clock to run under Rule 25. However, we are persuaded by the decisions of our sister circuits which have required Rule 4 service under these circumstances. *See Atkins*, 547 F.3d at 873–74; *Barlow*, 39 F.3d at 232–34; *Grandbouche*, 913 F.2d at 836–37; *Fariss*, 769 F.2d at 961–64. Therefore, we join the Fourth, Seventh, Ninth, and Tenth Circuits in holding that when a plaintiff dies, in order for the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate pursuant to Rule 4.

Notwithstanding the district court's valid point that a motion for an extension of time would have been a prudent course of action by Oglesby under

---

[1] The notice of death was captioned "Plaintiff's Motion to Substitute Because of Death" and stated "Sadly, one of the plaintiffs . . . has recently died tragically. The plaintiff will need to open an estate for him, so that his wife can continue the lawsuit on his behalf." *Atkins*, 547 F.3d at 871–72.

the circumstances of this case, we do not agree with the district court's conclusion that Oglesby's filing of the notice of death was sufficient to run the ninety-day time limit, given the absence of Rule 4 service on the representative of Breaux's estate.  In reaching its holding, the district court relied upon our decisions in *Ransom v. Brennan*, 437 F.2d 513 (1971) and *Ray v. Koester*, 85 F. App'x 983 (2004) (unpublished).  However, neither of these decisions squarely addressed the issue now before us in the instant appeal.

In *Ransom*, we addressed the question of whether Rule 4 service on a deceased-defendant's estate of a motion for substitution was required in order for the court to grant the motion and substitute the deceased-defendant's estate as a party.  437 F.2d at 515.  We held that Rule 4 service was required, even if the executrix had actual notice of the motion for substitution.  *Id.* at 519 ("Assuming the executrix had such actual notice . . . it would not operate as a substitute for process.").  With regard to the notice of the defendant's death, the *Ransom* court simply stated that the defendant's attorney suggested the defendant's death on the record.  *Id.* at 515.

While the *Ransom* court seemed to accept that the deceased-defendant's attorney properly suggested the defendant's death, the issue of what constituted proper service for the notice of death was not before the court. Nevertheless, it would be contrary to the reasoning in *Ransom* to conclude that Rule 4 service is not required for the notice of death.  In relation to service of the motion for substitution, the *Ransom* court explained that "mere 'notice' [wa]s not a sufficient ground upon which a court c[ould] sustain the validity of service of process when Congress has established other definitive standards." *Id.* at 519 (internal quotation marks and citation omitted).  Likewise, notice of the suggestion of death that is not served in compliance with Rule 4 is insufficient to begin the ninety-day time period.

6

No. 14-10085

In *Ray*, we held that a deceased-defendant's attorney who filed the suggestion of death for his client was not required to identify the successor party in order for the Rule 25 ninety-day clock to run. 85 F. App'x at 984. In *Ray,* the deceased-defendant's attorney noted the defendant's death two days after it occurred. *Id.* The district court in the instant case inferred from this fact that a representative of the deceased-defendant's estate was likely not in existence at the time the suggestion of death was filed, and therefore, the ninety-day period ran despite no personal service on the deceased-defendant's estate. *See Breaux*, 298 F.R.D. at 347–48. We decline to make such an inferential leap. Just as in *Ransom*, the issue of the *service* of a notice of death was not clearly before the *Ray* court.

### III.

We hold, consistent with the other appellate courts that have spoken on this issue, that a Rule 25 notice of death must be personally served on a deceased-plaintiff's estate, in accordance with Rule 4, before the ninety-day clock can begin to run on the deceased-plaintiff's action. Thus, we **REVERSE** the district court's final judgment dismissing this action and **REMAND** for further proceedings consistent with this opinion.