# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20487

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2019

Lyle W. Cayce
Clerk

KRYSTAL BERRY,

      Plaintiff - Appellant

v.

MISSIONARIES OF THE COMPANY OF MARY, INCORPORATED; JOHN GALLA,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2629

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

This case presents sad and unusual facts but straightforward law. Albin Golla ("Brother Golla"), who took a vow of poverty, was involved in a car accident with plaintiff, Krystal Berry ("Berry"), while he was out of town visiting family but utilizing a rental car financed by his alleged employer, Missionaries of the Company of Mary, Inc. ("Missionaries, Inc."). Berry, who

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

undoubtedly suffered injuries as a result, sued Brother Golla and Missionaries, Inc. for damages.   Brother Golla passed away while the suit was pending, and the district court ordered Berry to substitute a proper party in his place. Asserting that Brother Golla's nephew, John Galla ("Nephew Galla") was Brother Golla's next of kin, Berry substituted him.

Nephew Galla filed a motion for summary judgment contending he was not liable in any capacity for Brother Golla's negligence.  Missionaries, Inc. also filed a motion for summary judgment contending that Brother Golla was not acting in the course and scope of his employment when the accident occurred. The district court granted both defendants' motions for summary judgment, and Berry timely appealed.  We AFFIRM.[1]

**I. Nephew Galla**.

Texas law[2] is clear that "[a] suit seeking to establish the decedent's liability . . . should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries." *Price v. Anderson's Estate*, 522 S.W.2d 690, 691 (Tex. 1975).  When an heir is sued, the heir is liable to the extent of the property he received.  *Perkins v. Cain's Coffee Co.*, 466 S.W.2d 801, 802 (Tex. Civ. App.—Corpus Christi 1971, no writ). Since it is undisputed that Brother Golla had no assets and, consequently, that Nephew Galla inherited nothing as an heir, he cannot be liable in that capacity. He is also not a proper personal representative because he had no role—

---

[1] We review a grant of summary judgment de novo, "using the same standards as the district court."  *See K.P.  v. LeBlanc*, 729 F.3d 427, 435 (5th Cir. 2013) (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009)).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

[2]  The proper party is determined according to state substantive law.  *See Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971) (noting that although Rule 25 determines "the manner in which substitution of parties may be effected," whether a cause of action survives is determined by state substantive law).

appointed or otherwise—as an executor or other estate administrator. *See Haven Chapel United Methodist Church v. Leebron*, 496 S.W.3d 893, 912–13 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (declining to find owner of the property at issue the properly substituted party under the analogous Texas rule because she had not "received the bulk of [the decedent's] estate, acted as an executor for all practical purposes, or was the only person that would otherwise be authorized to defend the suit").

Berry argues that she seeks to sue Nephew Galla only in his representative capacity so that she may recover under the applicable insurance policy and that failing to allow her to do so would be inequitable. But Texas law provides for this situation: Berry could have filed an application for administration of Albin's estate in probate court and then substituted that administrator as the proper defendant. *See* TEX. EST. CODE. ANN. §§ 301.051, 304.001. She did not do so. The district court correctly granted relief to Nephew Galla.

## II. Missionaries, Inc.

Brother Galla was on his way to St. Ambrose church when the accident occurred. Berry spends a great deal of time arguing that Brother Golla was on his way to the church to perform some sort of official duty for Missionaries, Inc. It is undisputed that Brother Golla was in Houston to visit his ailing sister and that Missionaries, Inc. paid for the rental car due to its practice of supporting its brethren who take a vow of poverty. But whether or not Brother Golla was on his way to perform some type of missionary work or simply to attend a service, it is undisputed that he was *on his way*, and not actually performing any work at the time of an accident. Under the Texas "coming and going" rule, an employer is not liable for torts committed during an employee's transit to and from work. *See Hervey v. Enerpipe, Ltd.*, 03-18-00252-CV, 2018 WL 3637327, at *3 (Tex. App.—Austin Aug. 1, 2018, no pet.) (collecting cases).

No. 18-20487

Thus, even if we resolved every doubt in Berry's favor and concluded that Brother Golla was on his way to work when the accident occurred, Missionaries, Inc., would not be vicariously liable. *See id.* Berry argues that the "coming and going" rule applies only when an employee is returning from work and only for worker's compensation claims. But Berry is incorrect. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 136, 139 (Tex. 2018) (describing the rule as applying when an employee travels *to* and from work and applying in the vicarious-liability context). Accordingly, Missionaries, Inc., is not liable.

　　　AFFIRMED.