# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60104

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2016

Lyle W. Cayce
Clerk

SUSAN L. VAUGHAN,

Plaintiff - Appellant

v.

ANDERSON REGIONAL MEDICAL CENTER,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before BENAVIDES, HAYNES, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

This single-issue interlocutory appeal arises out of a wrongful termination lawsuit filed by Susan Vaughan, a nurse supervisor, against Anderson Regional Medical Center. Vaughan alleges the Medical Center discharged her in retaliation for raising age-discrimination complaints. Vaughan's claims invoke the Age Discrimination in Employment Act (ADEA), and she seeks, among other things, damages for pain and suffering and punitive damages.

The district court dismissed Vaughan's claims for pain and suffering damages and punitive damages because Fifth Circuit precedent bars such recoveries under the ADEA. The district court's dismissal order did, however,

No. 16-60104

note divergent views held by other circuits and the Equal Employment Opportunity Commission. Finding the damages issue "a controlling question of law as to which there is substantial ground for difference of opinion," the district court certified an appeal to this Court under 28 U.S.C. § 1292(b). We granted leave to file an interlocutory appeal.

The district court correctly concluded that *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036 (5th Cir. 1977) requires dismissal of Vaughan's pain and suffering and punitive damages claims.[1] Accordingly, we AFFIRM.

## JURISDICTION

We have jurisdiction over Vaughan's interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The district court properly exercised its jurisdiction over the federal statutory claim under 28 U.S.C. § 1331.

## STANDARD OF REVIEW

The district court dismissed Vaughan's damages claims pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, this Court reviews the decision below *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light

---

[1] To avoid any confusion of terms, this opinion uses the phrase "pain and suffering damages" as a more precise method of referencing the "general compensatory damages" *Dean* foreclosed. *Dean*'s convention of referring to pain and suffering damages, which a plaintiff may not recover under the ADEA, as "general compensatory damages" does not prevent other types of ADEA recoveries our precedents sometimes label "compensatory," such as back pay awards. *See Dean*, 559 F.2d at 1039 (recognizing availability of ADEA back pay awards); *see also Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 400–02 (5th Cir. 2002) (referring to a permissible ADEA back pay award as "compensatory damages").

The Medical Center's motion below sought dismissal of all "compensatory" damages claims, "including but not limited to deep pain, humiliation, anxiety and emotional distress," and its appellate briefing phrases the question before this court as "whether a plaintiff can be awarded general compensatory (e.g., pain and suffering) and/or punitive damages for an ADEA retaliation claim," Appellee's Br. at 1. We emphasize that the examples of damages the Medical Center identifies—damages we hold *Dean* forecloses in all private ADEA actions—should not be read to limit the availability of other types of monetary damages the ADEA plainly permits, such as back pay awards.

No. 16-60104

most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

## ANALYSIS

The parties dispute *Dean*'s applicability. The district court relied upon *Dean* below, but certified its ruling for interlocutory review after recognizing a circuit split regarding the availability of pain and suffering and punitive damages in ADEA retaliation cases.

This Court adheres to a "rule of orderliness," under which a panel may not overturn a controlling precedent "absent an intervening change in law, such as by a statutory amendment, or the Supreme Court, or our en banc court. Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void." *Sprong v. Fidelity Nat'l Property & Cas. Ins. Co.*, 787 F.3d 296, 305 (5th Cir. 2015) (block quotation and citation omitted). To decide whether the rule of orderliness applies, we must therefore analyze whether: (1) *Dean* is distinguishable from this case; or (2) an intervening change in law justifies setting *Dean* aside.

We conclude that the answer to both questions is "no."

### I.    *Dean* is not distinguishable

We perceive no basis upon which to distinguish *Dean*. Vaughan concedes that *Dean* forecloses pain and suffering and punitive recoveries for ADEA age discrimination claims, *see* Appellant's Br. at 2, but suggests that *Dean* does not control ADEA retaliation claims. We disagree.

*Dean* held in unqualified terms that "neither general damages [i.e., compensatory damages for pain and suffering] nor punitive damages are recoverable in private actions posited upon the ADEA." *Dean*, 559 F.2d at 1040.

3

No. 16-60104

ADEA age discrimination and retaliation claims are equally "private actions posited upon the ADEA," and the ADEA has contained a prohibition on employer retaliation since its inception. *See* Age Discrimination in Employment Act of 1967, Pub. L. 90-202 at § 4(d), 81 Stat. at 603 (1967) ("It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act.") (current version at 29 U.S.C. § 623(d)). A plaintiff could file a retaliation claim under the ADEA when we decided *Dean*, and *Dean* contains no suggestion that its holding regarding damages for "private actions posited upon the ADEA" silently excluded ADEA retaliation actions. *See Dean*, 559 F.2d at 1036.

*Dean*'s holding therefore controls this case if, as we will conclude below, no intervening changes in law undermine its continued vitality.

## II.  No intervening change in law justifies setting *Dean* aside

Vaughan's effort to undermine *Dean* relies heavily upon the 1977 amendments to the remedies provided for retaliatory discharges under the Fair Labor Standards Act (FLSA), a statute we interpret to provide remedies "consistent" with the ADEA.[2] Vaughan's argument that the 1977 FLSA amendments enlarged the remedies available for ADEA retaliation claims

---

[2] *See Lubke v. City Of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) ("Because the remedies available under the ADEA and the FMLA both track the FLSA, cases interpreting remedies under the statutes should be consistent.").

4

finds support in the decisions of at least one circuit, and the EEOC endorses that interpretation. *See Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 284 (7th Cir. 1993) (indicating that the 1977 FLSA amendments "enlarge[d] the remedies . . . beyond those standardly available for . . . ADEA . . . violations" when a plaintiff brings retaliation claims); *see also* EEOC Directive No. 915.004, *EEOC Enforcement Guidance on Retaliation and Related Issues*, at n. 186 (Aug. 25, 2016) ("The FLSA, as amended in 1977, 29 U.S.C. § 216(b), authorizes compensatory and punitive damages for retaliation claims under . . . the ADEA."), *available at* https://www.eeoc.gov/laws/guidance/retaliation-guidance.cfm#_ftnref186 (last accessed Dec. 12, 2016).

We conclude, however, that Vaughan's argument fails to recognize the 1977 FLSA amendments incorporated remedial language substantively identical to passages *already provided* in the ADEA. Put simply, the 1977 FLSA amendments do not disturb our holding in *Dean*, because they added language to the FLSA that we have already construed in the context of the ADEA—in *Dean*.

We issued our opinion in *Dean* on September 23, 1977, more than a month prior to the 1977 FLSA amendments. *Compare Dean*, 559 F.2d at 1036, *with* Fair Labor Standards Amendments of 1977, Pub. L. No. 95–151, 91 Stat. 1245 (Nov. 1, 1977) (current version at 29 U.S.C. §§ 201–219). By the time we interpreted it in *Dean*, the ADEA had for nearly ten years "authori[zed] a court to grant such 'legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.'" *Dean*, 559 F.3d at 1037-38; *see also* Age Discrimination in Employment Act of 1967, Pub. L. No. 90-902 at § 7(b), 81 Stat. 604–05 (1967) (current version at 29 U.S.C. § 626(b)). Several weeks after

No. 16-60104

we decided *Dean*, Congress added the following substantively equivalent remedial language to the FLSA: "Any employer who violates the provisions of section 15(a)(3) of this Act, 29 USC 215, shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 91 Stat. 1245 at 1252 (current version at 29 U.S.C. § 216(b).

Given the remedial passages' textual similarities, we conclude that the 1977 FLSA amendments simply brought the FLSA's remedies for employer retaliation into line with the ADEA's remedies for similar conduct. This interpretation comports with our history of applying *Dean* long after the 1977 FLSA amendments. *See Smith v. Berry Co.,* 165 F.3d 390, 396 (5th Cir. 1999) (citing *Dean* for the proposition that "punitive damages and damages for mental pain and suffering . . . are not available" for age discrimination claims under the ADEA). The Eleventh Circuit, which views Fifth Circuit precedents predating Sept. 30, 1981, as binding precedent,[3] has also continued to cite *Dean. See Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 938 (11th Cir. 2000) ("We . . . feel some constraint to exclude punitive damages from the 'legal relief' provided in  the [FLSA] by the former Fifth Circuit's decision in *Dean*.");[4] *see also Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1446 (11th Cir. 1985) (citing *Dean* for the proposition that "neither punitive damages nor

---

[3] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (stating that Fifth Circuit decisions handed down prior to the close of business of Sept. 30, 1981, serve as binding precedent within the Eleventh Circuit).

[4] In the *Snapp* litigation, the district court denied defendant's motion to dismiss a claim for pain and suffering damages. *See* Appellees' Br. at \*2, *Snapp v. Unlimited Concepts*, No. 98-2936-GG, 1999 WL 33617525 (11th Cir. 1999). The Eleventh Circuit never analyzed the substance of that ruling, as the jury "awarded . . . no money in compensatory damages." *Id.* at \*4.

compensatory damages for pain and suffering are recoverable under the ADEA."). Within this circuit, our district courts have reasonably inferred that *Dean* remains good law, and therefore forecloses pain and suffering and punitive damages under the FLSA. *See, e.g.*, *Douglas v. Mission Chevrolet*, 757 F. Supp. 2d 637, 640 (W.D. Tex. 2010) ("Because of the Fifth Circuit's expressed desire for remedies under the ADEA and the FLSA to be interpreted consistently, and because the Fifth Circuit has held that emotional distress damages and punitive damages are unavailable under the ADEA, this Court holds that emotional distress damages and punitive damages are unavailable in an FLSA anti-retaliation claim.").[5]

Having concluded that the 1977 FLSA amendments' borrowing of the ADEA's remedial language does not constitute an intervening change in the ADEA warranting our departure from *Dean*, we address two other points raised by Vaughan's briefing.

First, the fact that the EEOC believes the ADEA permits pain and suffering and punitive recoveries does not constitute an intervening legal change sufficient to displace *Dean*. The EEOC has stated its interpretation of the ADEA's remedial provisions in a policy directive and at least three sections of its Compliance Manual,[6] and we are mindful that the EEOC's

---

[5] One district court within this circuit relied upon *Dean* as a bar to FLSA punitive damages claims, but did not analyze or apply *Dean* as a bar to compensatory damages for injuries including mental anguish. *See Little v. Tech. Specialty Prod., LLC*, 940 F. Supp. 2d 460, 480 (E.D. Tex. 2013). That case appears to be an outlier. *Little* relied upon *Lee v. U.S. Sec. Associates, Inc.*, No. A-07-CA-395-AWA, 2008 WL 958219, at *7 (W.D. Tex. Apr. 8, 2008), but the Western District of Texas actually changed its position before the *Little* ruling. *See Douglas*, 747 F. Supp. 2d at 640 (finding that the FLSA does not permit emotional distress damages) (**NB:** *Douglas* does not expressly acknowledge *Lee*, but *Douglas* rejects the same out-of-circuit precedents *Lee* relied upon).

[6] *See* EEOC Directive No. 915.004, *EEOC Enforcement Guidance on Retaliation and Related Issues*, at n. 186 (Aug. 25, 2016) ("The FLSA, as amended in 1977, 29 U.S.C. § 216(b), authorizes compensatory and punitive damages for retaliation claims under . . . the ADEA."), *available at*   https://www.eeoc.gov/laws/guidance/retaliation-guidance.cfm#_ftnref186 (last

No. 16-60104

interpretations of the ADEA reflect "a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 399 (2008) (quoting *Bragdon v. Abbott*, 524 U.S. 624, 642 (1998)). The EEOC's interpretation merits *Skidmore* deference "to the extent that . . . interpretation[] ha[s] the power to persuade." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 n.6 (2002) (quotations and citations omitted); *see also Holowecki*, 552 U.S. at 399. In this case, the EEOC's interpretation of the ADEA's remedial provision appears to depend almost entirely upon *Moskowitz*, an opinion we find unpersuasive.[7] Even if we found the EEOC's interpretation persuasive, however, it would not provide a sufficient basis for departing from an established precedent. *See Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir. 2015) (noting that "[a]n intervening change in law must be binding on this court," and "merely persuasive, not binding" interpretations do not overcome the rule of orderliness).

Second, the transfer of ADEA functions previously performed by the Secretary of Labor to the EEOC does not constitute an intervening change in law sufficient to displace *Dean*. When we decided *Dean*, the ADEA gave certain roles and powers to the Secretary of Labor. *See Dean*, 559 F.2d at 1038–40. As Vaughan notes, the current version of the statute gives those roles and powers to the EEOC. The transfer of ADEA functions occurred pursuant to

---

accessed Dec. 12, 2016); *see also* EEOC Compliance Manual § 8, Charge-Processing Outline at IV(B), 2006 WL 4672791; EEOC Compliance Manual § 8-III, Special Remedial Issues at B(1), 2006 WL 4672794; EEOC Compliance Manual § 10, Compensation Discrimination, 2006 WL 4672894.

[7] *Moskowitz* suggested that the 1977 FLSA amendments "enlarge[d] the remedies . . . beyond those standardly available for . . . ADEA . . . violations" when a plaintiff brings retaliation claims. 5 F.3d at 284. Because the ADEA already permitted retaliation claims before the 1977 FLSA amendments, and appears to have supplied the 1977 FLSA's remedial text, we decline to view *Moskowitz* as persuasive authority.

8

No. 16-60104

Reorganization Plan No. 1 of 1978, which called for a straightforward substitution of the EEOC in place of certain statutory references to the Secretary of Labor.[8] Vaughan fails to demonstrate that the transfer of functions created any significant differences for ADEA plaintiffs.

For example, Vaughan argues that "[i]n the past private suits for age discrimination were secondary to administrative proceedings by the Secretary of Labor, which did not allow for compensatory damages." Appellant's Br. at 5. The ADEA's current text demonstrates no less of a preference for administrative proceedings than the version *Dean* interpreted. In *Dean*, we concluded that the ADEA "patently encouraged and preferred . . . administrative remedies and suits brought by the Secretary of Labor . . . to private actions." *Dean*, 559 F.2d at 1038. As evidence of this preference, we noted two specific aspects of the statute: (1) its requirement that private individuals give the Secretary of Labor 60 days' advance notice of their intention to file a private ADEA claim, and (2) the Secretary of Labor's ability to cut off an individual's right to maintain a private ADEA suit by commencing an enforcement action within the notice period. *See id.* Those aspects of the statute remain the same, other than the substitution of the EEOC for the Secretary of Labor. *See* 29 U.S.C. § 626(d)(1) (notice requirement); § 626(c)(1) (termination of private right of action upon commencement of EEOC action).

---

[8] *See* Reorganization Plan No. 1 of 1978, 92 Stat. 3781 at § 2 (1978) ("All functions vested in the Secretary of Labor or in the Civil Service Commission pursuant to Sections 2, 4, 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Age Discrimination in Employment Act of 1967, as amended, (29 U.S.C. 621, 623, 626, 627, 628, 629, 630, 631, 632, 633, and 633a) are hereby transferred to the Equal Employment Opportunity Commission. All functions related to age discrimination administration and enforcement pursuant to Sections 6 and 16 of the Age Discrimination in Employment Act of 1967, as amended, (29 U.S.C. 625 and 634) are hereby transferred to the Equal Employment Opportunity Commission.").

No. 16-60104

## CONCLUSION

Our opinion in *Dean* applies to all "private actions posited upon the ADEA," *Dean*, 559 F.2d at 1040, including Vaughan's ADEA retaliation claim. Under *Dean*, Vaughan may not invoke the ADEA as a basis for general compensatory damages for pain and suffering or punitive damages. *Id.* Perceiving no intervening change in law that would lead us to set *Dean* aside, we AFFIRM.