# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40041

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KEVIN LYNDEL MASSEY,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Kevin Massey challenges his conviction of possession of a firearm by a convicted felon.  We affirm.

I.

Massey participated in an armed citizen group that patrolled the border between the United States and Mexico to deter the entry of illegal aliens.  At

No. 16-40041

the time of his arrest, the group was camped near the Sabal Palms Sanctuary on the property of Rusty Monsees. Massey met with Guillermo Aguilar, the program coordinator of the sanctuary, to discuss conducting patrols on its property. Aguilar could not authorize the group to patrol in the sanctuary but told Massey he would not turn them away. Aguilar believed, based on his conversation with Massey, that the patrols were coordinated with the Border Patrol.

Later, while patrolling the sanctuary, Massey encountered the Border Patrol when it responded to a report of illegal aliens in the area. Agent Danny Cantu first encountered a different person on patrol and advised him to leave. During that conversation, fellow Border Patrol Agent Marcos Gonzales fired several shots at another armed patrolman nearby. Cantu responded to the sound of the shots and at that time ran into Massey, who was armed with a Centurion 39 Sporter long rifle.

The Border Patrol seized the firearms carried by Massey and the other patrolmen; Massey was also carrying a Springfield XDS .45 caliber pistol. The encounter was investigated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). Massey was arrested in the parking lot of the hotel in which he was staying; he informed the agents that he was armed. The arresting agent removed an HS Produkt model XDS .45 caliber handgun from Massey's front pocket and seized another .45 caliber handgun from his hotel room.

II.

Massey was charged with four counts of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). He moved to dismiss on the grounds that he was complying with Texas's felon-in-possession statute and that Section 922(g) is unconstitutional as applied to him. He also maintained that, to satisfy the jurisdictional element of Section 922(g), the government was required to prove more than just that the firearms had traveled in interstate commerce.

2

No. 16-40041

That motion was denied.

At Massey's bench trial, evidence was presented that all of the firearms he possessed were manufactured in Vermont or Croatia. The government presented evidence that Massey had a 1988 Texas conviction of burglary of a habitation for which he was sentenced to five years. Massey moved for a directed verdict based on his interstate-commerce theory. The district court denied the motion and found Massey guilty on all counts. Two of the four counts were dismissed on the government's motion, and judgment was entered against Massey on the remaining two. He was sentenced, within the guideline range, to 41 months' imprisonment and three years of supervised release.

## III.

Massey contends, on three grounds, that there was insufficient evidence to convict him of violating Section 922(g). He claims that the indictment was constructively amended because the government did not prove that his possession of the firearms affected interstate commerce. He asserts that under Texas law, he was permitted to have the firearms because he possessed them on "premises at which the person lives." TEX. PENAL CODE § 46.04(a)(2). Finally, he believes it was error for the district court to make no determination on whether his rights had been restored. All three of these theories fail.

## A.

Massey's indictment was not constructively amended, because the language of his indictment mirrored that of the statute of conviction. "[A]n indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (internal quotation

## No. 16-40041

marks omitted).  The jurisdictional element of Section 922(g)(1) includes circumstances in which the possession of the firearm was intrastate, but the firearm had previously traveled in interstate commerce, including from the place it was manufactured to the place of the relevant possession.  *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996).  In contrast, "[a] constructive amendment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged."  *United States v. Rubio*, 321 F.3d 517, 521 (5th Cir. 2003).

The wording of Massey's indictment and the statute are nearly identical.  The indictment charged that Massey "did knowingly possess in and affecting interstate commerce a firearm."  The statute's interstate commerce element requires the defendant to "possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g).  Pursuant to that indictment, the government put on evidence that Massey's firearms had traveled to Texas from Vermont and Croatia, where they were manufactured.   The indictment was not constructively amended.

### B.

The government was not required to prove the legality, under Texas law, of Massey's possession of the firearms, because that is irrelevant to his conviction under Section 922(g).  To convict under Section 922(g)(1), the government must prove three elements: "(1) that the defendant previously had been convicted of a felony; (2)  that he possessed a firearm; and (3) that [it] traveled in or affected interstate commerce."  *United States v. Guidry*, 406 F.3d 315, 318 (5th Cir. 2005); 18 U.S.C. § 922(g)(1).[1]  The statute contains no requirement

---

[1] "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in

No. 16-40041

that the possession be illegal under state law. Texas law is relevant only to evaluating the applicability of Massey's prior conviction. The prior conviction charged in the indictment was his 1988 Texas conviction of burglary of a habitation, and the government presented evidence of that conviction.

## C.

The district court was not required to address whether Massey's rights had been restored in Texas such that he would be permitted to possess a firearm. Massey does not identify the statutory basis of that claim, but we assume he is referring to the exception to Section 922(g) for "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored . . . unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

Massey has the burden to show that his rights had been restored such that his burglary conviction was not applicable under Section 922(g). *United States v. Huff*, 370 F.3d 454, 458–59 (5th Cir. 2004). He has pointed to no evidence that his rights had been restored after his 1988 burglary conviction. Without that evidence, the district court was not required to make any finding regarding the restoration of Massey's rights.

## IV.

Massey's conviction does not violate the Second Amendment, the Commerce Clause, or the Ex Post Facto Clause of the U.S. Constitution. His Second Amendment and Commerce Clause theories are foreclosed by the rule of

---

interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

No. 16-40041

orderliness, which forbids us to overrule the holdings of this court.[2]   His Ex Post Facto Clause claim with respect to amendments to Texas's felon-in-possession statute is irrelevant to his conviction under federal law.

## A.

The Second Amendment framework adopted in *National Rifle Ass'n of America, Inc. v. BATFE*, 700 F.3d 185, 194 (5th Cir. 2012), precludes this panel from reexamining, as Massey claims we must, the constitutionality of Section 922(g).  In *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), the Court specifically preserved the constitutionality of felon-in-possession stattes: "[N]othing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ."  We reaffirmed the constitutionality of Section 922(g) in both *United States v. Anderson*, 559 F.3d 348, 352 & n.6 (5th Cir. 2009), and *National Rifle Ass'n,* 700 F.3d at 194 n.7.  The rule of orderliness does not permit us to revisit those holdings.  *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

## B.

Massey's notion that his conviction under Section 922(g)(1) violates the Commerce Clause in light of *United States v. Lopez*, 514 U.S. 549 (1995), is also foreclosed.  We have considered that reasoning and rejected it.  *See Rawls*, 85 F.3d at 242.  "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question."  *United States v. de Leon*, 170 F.3d 494, 499 (5th Cir. 1999).  We are bound to hold that Section 922(g)(1) is constitutional under *Lopez*.  *See Jacobs*, 548 F.3d at 378.

---

[2] *See, e.g.*, *Vaughan v. Anderson Reg'l Med. Ctr.*, No. 16-60104, 2017 WL 629265, at \*3 (5th Cir. Feb. 15, 2017).

No. 16-40041

C.

Massey's conviction does not violate the Ex Post Facto Clause as a result of amendments to Texas's felon-in-possession statute, Texas Penal Code § 46.04, because that statute is irrelevant to his conviction. As discussed in Part III.B, *supra*, state law is relevant only to the prior-conviction element of Section 922(g). That was satisfied by Massey's burglary conviction.

AFFIRMED.