# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30155
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH SETH RIVERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-82-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:*

Joseph Seth Rivers pleaded guilty to being a felon in possession of four firearms in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 68 months of imprisonment and three years of supervised release. He timely appealed and now argues that his conviction is invalid because the district court failed to properly admonish him regarding the nature of the charge as required by Federal Rule of Criminal Procedure 11(b)(1)(G).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30155

We review the argument advanced by Rivers only for plain error since it was not raised in the district court. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). "To convict under Section 922(g)(1), the government must prove," as relevant here, that the defendant possessed a firearm. *United States v. Massey*, 849 F.3d 262, 264 (5th Cir. 2017). The indictment here alleged this element, the district court recited it for Rivers, and the district court ensured that Rivers understood the concept of constructive, as opposed to actual, possession.

Relying primarily on *Henderson v. United States*, 135 S. Ct. 1780 (2015), Rivers contends that the district court's interpretation of § 922(g)(1) and its admonishment as to the nature of that offense is erroneous because it conflates the rights of legitimate ownership of a firearm with a felon's right to possess a firearm. Section 922(g)(1) contains no requirement that the possession of firearms by a convicted felon be divorced from any ownership rights in the firearms, and *Henderson* does not purport to add any such element. *See* § 922(g)(1); *Henderson*, 135 S. Ct. at 1785 n.3. We conclude that the district court did not err, plainly or otherwise, in admonishing Rivers as to the nature of the charge against him. Accordingly, the judgment of the district court is AFFIRMED.