# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30459

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2016

Lyle W. Cayce
Clerk

WALTER BLOCK,

Plaintiff - Appellant

v.

SAM TANENHAUS; JIM RUTENBERG; NEW YORK TIMES COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before CLEMENT, GRAVES,* and COSTA, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

In 2014, the New York Times published an article by Sam Tanenhaus and Jim Rutenberg titled "Rand Paul's Mixed Inheritance." That article examines at length U.S. Senator Rand Paul, focusing on his political philosophy, libertarianism. This case arose because the article briefly quotes Walter Block, an economics professor at Loyola University New Orleans, at two points. The first quotation appears in the following sentence:

---

* Graves, Circuit Judge, concurring only in the judgment.

No. 15-30459

> One economist, while faulting slavery because it was involuntary, suggested in an interview that the daily life of the enslaved was "not so bad—you pick cotton and sing songs."

> The second quotation appears in the following paragraph:

> Walter Block, an economics professor at Loyola University in New Orleans who described slavery as "not so bad," is also highly critical of the Civil Rights Act. "Woolworth's had lunchroom counters, and no blacks were allowed," he said in a telephone interview. "Did they have a right to do that? Yes, they did. No one is compelled to associate with people against their will."

After the New York Times published the article and refused to publish a retraction at Block's request, Block filed this diversity suit against the New York Times Company and the article's authors, asserting claims for defamation and false light invasion of privacy. Although Block does not dispute that he made those statements, he argues that the article takes the statements so far out of context as to make them untrue and defamatory.

Defendants filed a special motion to strike Block's complaint under Louisiana Code of Civil Procedure article 971 ("Article 971"), Louisiana's anti-SLAPP law.[1] The district court found that Block could not establish a probability of success on either his defamation claim or his false light claim. As a result, the district court granted the special motion to strike, dismissed Block's complaint, and awarded defendants attorney's fees.

On appeal, Block argues that the district court should not have applied Article 971, that the district court applied Article 971 incorrectly, and that the district court erroneously concluded that Block did not establish a probability of success on his defamation and false light claims.

---

[1] A SLAPP is a strategic lawsuit against public participation, or a suit intended to burden critical speech with the cost of a legal defense.

No. 15-30459

I.

We review questions of law, such as whether and how Article 971 applies, de novo. *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015). We "revie[w] de novo a district court's ruling on an article 971 motion." *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 169 (5th Cir. 2009).

II.

Block argues that Article 971 does not apply in federal court if it requires the non-movant to meet a stricter burden than that imposed by Federal Rule of Civil Procedure 56.[2] We reject this argument because this court recently held, in an opinion designated for publication, that a non-movant's burden under Article 971 is functionally equivalent to that under Rule 56. In *Lozovyy v. Kurtz*, we interpreted Louisiana law and concluded that "the Louisiana Supreme Court would recognize that Article 971's 'probability of success' standard does not permit courts to weigh evidence, assess credibility, or resolve disputed issues of material fact." No. 15-30086, 2015 WL 9487734, at *8 (5th Cir. Dec. 29, 2015). In other words, a non-movant's burden in opposing an Article 971 motion to strike is the same as that of a non-movant opposing summary judgment under Rule 56. We are bound by the *Lozovyy* panel's interpretation of Louisiana law. *See FDIC v. Abraham*, 137 F.3d 264, 268 (5th Cir. 1998) (explaining rule of orderliness). Thus, to avoid dismissal on an Article 971 motion to strike, Block need only establish a genuine dispute of material fact.

As in *Lozovyy*, however, our holding is limited: We do not conclusively resolve today whether Article 971 applies in diversity cases. 2015 WL 9487734,

---

[2] We have, moreover, previously applied Article 971 in a diversity case. *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 168-69 (5th Cir. 2009).

at *5. Instead, we assume that it does apply, *see id.*, and reject Block's argument that, because it provides a stricter standard than Rule 56, it does not apply in federal court. *See Lozovyy*, 2015 WL 9487734, at *5. It provides the same standard as Rule 56; thus, there is no conflict on that basis.[3]

## III.

Lacking the benefit of our recent guidance in *Lozovyy*, the district court did not consider defendants' Article 971 motion under the proper standard: It did not purport to address whether Block established a genuine dispute of material fact. Instead, the district court analyzed whether Block established a "probability of success" on his claims, and in doing so arguably resolved disputed questions of fact.

Accordingly, we VACATE and REMAND for the district court to apply the standard set out in *Lozovyy* to defendants' motion to strike. 2015 WL 9487734, at *8. On remand, the district court should consider whether Block has established a genuine dispute of material fact on each element of his claims.

---

[3] After *Lozovyy* was decided, Block filed a Rule 28(j) letter arguing that, despite *Lozovyy*, we should decide whether Article 971 conflicts with Rule 56 in other ways. He also argued as much at oral argument. We decline to address this issue because Block waived it by failing to brief it.

Block did not argue in his briefs that any feature *other* than a burden greater than that imposed by Rule 56 would cause Article 971 to conflict. In other words, he did not argue in his briefs that Article 971's burden-shifting dynamic, discovery prevention, and mandatory attorney's fees cause Article 971 to conflict with Rule 56. In Block's opening brief, he argued only that if the court views Article 971 as applying a heavier burden than Rule 56, then it conflicts with Rule 56. He mentions Article 971's other features—the burden-shifting dynamic, discovery prevention, mandatory attorney's fees—in only two contexts: his argument that Article 971 imposes the same burden as Rule 56 and his argument that if Article 971 and Rule 56 conflict, Article 971's other features should not apply. In neither context does he argue that Article 971's other features cause it to conflict with Rule 56, despite his assertion in his 28(j) letter. Thus, he has waived the issue. *See Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553, 562 n.8 (5th Cir. 2015).