Lorita M. SAVOIE; Marcia Savoie Medlin; Craig M. Savoie; Tania Savoie Alexander; Rodney A. Savoie; Greta Savoie Boudoin; Dale J. Savoie, Plaintiffs–Appellees

v.

HUNTINGTON INGALLS, INCORPORATED, formerly known as Northrop Grumman Shipbuilding, Incorporated, formerly known as Northrop Grumman Ship Systems, Incorporated, formerly known as Avondale Industries, Incorporated, formerly known as Avondale Shipyards, Incorporated, formerly known as Avondale Marine Ways, Incorporated; Albert L. Bossier, Jr.; J. Melton Garrett; Onebeacon America Insurance Company, as Successor to Commercial Union Insurance Company and Employers Commercial Union Insurance Company;

Pennsylvania General Insurance Company, formerly known as American Employers' Insurance Company, Defendants–Appellants.

No. 15-30514

United States Court of Appeals, Fifth Circuit.

Date Filed: 05/19/2016

Gerolyn Petit Roussel, Jonathan Brett Clement, Roussel & Clement, LaPlace, LA, for Plaintiffs–Appellees.

Gary Allen Lee, Esq., John Maurice Futrell, Esq., Michael Kevin Powell, Lee, Futrell & Perles, L.L.P., Samuel M. Rosamond, III, Crawford Lewis, P.L.L.C., New Orleans, LA, for Defendants–Appellants.

Before CLEMENT, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:

(✓) Appellants' Petition for Rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED R. APP. P. and 5TH CIR. R. 35) Appellants' Petition for Rehearing En Banc is also DENIED.

( ) Appellants' Petition for Rehearing is DENIED and the court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and not disqualified not having voted in favor, (FED R. APP. P. and 5TH CIR. R. 35) Appellants' Petition

for Rehearing En Banc is also DENIED.

( ) A member of the court in active service having requested a poll on the reconsideration of this cause en banc, and a majority of the judges in active service and not disqualified not having voted in favor, Appellants' Rehearing En Banc is DENIED.

In their petition for rehearing en banc, the defendants make a colorable argument that, in regard to the negligence claims, this action is removable because of the 2011 statutory amendment adding the words "or relating to" to § 1442(a)(1). In their opening brief on appeal, however, that language was hardly mentioned. The defendants' theory focused almost exclusively on whether, under these facts, the causal-nexus test, as announced in, *inter alia, Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398–400 (5th Cir. 1998), is satisfied. The more specific statutory-amendment argument explained in the en banc petition, although perhaps implied, was not sufficiently articulated in the opening brief. *See, e.g., Block v. Tanenhaus*, 815 F.3d 218, 221 n. 3 (5th Cir. 2016) (stating that an issue raised at oral argument and in a Federal Rule of Appellate Procedure 28(j) letter, but not presented in sufficient detail in the appellant's opening brief, is "waived"). Nor is defendants' statement of the theory in their reply brief sufficient. *See, e.g., Perez v. Bruister*, 823 F.3d 250, 273 n. 31, 2016 WL 2343009, at *16 n. 31 (5th Cir. May 3, 2016) (stating that we "will not consider" an attempt to "reframe [an] argument . . . for the first time in a reply brief").

We decide this appeal only on the basis of the issues adequately raised, and the arguments sufficiently made, in the opening brief as it affects the parties before us. Nothing in our opinion should be read as

an exposition of the effect of the 2011 amendment on the viability of *Winters* or on the scope of the post-amendment decision in *Bartel v. Alcoa Steam Ship Co.*, 805 F.3d 169 (5th Cir. 2015). Those questions await another day.