# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30676

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2018

Lyle W. Cayce
Clerk

ROBERT J. TEMPLET, SR.

Plaintiff–Appellee,

v.

HUNTINGTON INGALLS, INCORPORATED; ALBERT BOSSIER, JR., as an Executive Officer of Avondale Industries, Incorporated; LAMORAK INSURANCE COMPANY,

Defendants–Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-5935

Before JOLLY, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

This case is one of several brought by former Huntington Ingalls employees in state court alleging that the company failed to warn them of the risks of asbestos exposure and failed to implement proper safety procedures for handling asbestos.[1] Recently, in *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See, e.g.*, *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018); *Bartel v. Alcoa S.S. Co.*, 805 F.3d 169 (5th Cir. 2015); *Blouin v. Huntington Ingalls, Inc.*, No. 17-2636,

No. 17-30676

398 (5th Cir. 2018), we confirmed that asbestos claims regarding negligent failure to warn, train, or implement safety procedures do not give rise to federal jurisdiction when unrebutted evidence shows that the government did nothing to direct the shipyard's safety practices. Because this case involves such claims, we AFFIRM the district court's order remanding the case to state court.

Robert J. Templet worked for Huntington Ingalls from 1968 to 2002. He alleges that between 1968 and 1979 he handled asbestos and asbestos-containing products at various worksites, causing him to contract diffuse malignant pleural mesothelioma. Templet sued Huntington Ingalls, Huntington Ingalls executive Albert Bossier, Jr., and Lamorak Insurance Company (collectively, "Huntington Ingalls") in Louisiana state court for negligently failing to warn him of the dangers of asbestos and failing to implement safety procedures for handling asbestos. Huntington Ingalls removed the case to the United States District Court for the Eastern District of Louisiana under the federal officer removal statute, 28 U.S.C. § 1442(a)(1) (2012), alleging that the company used asbestos to construct vessels under government-mandated contract specifications.

We review a district court's federal officer removal decision de novo "without a thumb on the remand side of the scale." *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016), *cert. denied,* 137 S. Ct. 339, 196 (2016). Under the federal officer removal statute, an action against any officer or agent of the United States "for or relating to any act under color of such office" may be removed to federal court. 28 U.S.C. § 1442(a)(1). To remove, a defendant must show: "(1) that it is a person within the meaning of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to a federal

2017 WL 2628103 (E.D. La. Jun. 19, 2017); *Francis v. Union Carbide Corp.*, No. 11-2695, 2011 WL 6180061 (E.D. La. Dec. 13, 2011).

officer's directions, and (4) that a causal nexus exists between its actions under color of federal office and the plaintiff's claims." *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017) (cleaned up).

We recently clarified the scope of this "causal nexus" in a line of cases culminating in *Legendre*. The plaintiffs in *Legendre* alleged that Huntington Ingalls failed to warn them of the risks of asbestos exposure and failed to implement proper safety procedures for handling asbestos. *See* 885 F.3d at 399. Harking back to earlier cases, we explained that strict liability claims that "rest[] on the mere use of asbestos" support removal because they are "causally linked to the [government's] requirement that its ships contain asbestos." *Id.* at 401 (quoting *Savoie*, 817 F.3d at 465–66). But negligently "failing to warn, train, and adopt safety procedures regarding asbestos" does not support removal because it is "private conduct that implicate[s] no federal interest." *Id.* at 402 (quoting *Zeringue*, 846 F.3d at 794). Because allowing removal when the defendants were free to adopt the safety measures at issue, "would have stretched the causal nexus requirement to the point of irrelevance," *id.* (quoting *Zeringue*, 846 F.3d at 794), we held that the district court properly remanded the case to state court.

Here, as in *Legendre*, Templet brings negligence claims concerning Huntington Ingalls's failure to warn and adopt safety procedures regarding asbestos—"private conduct that implicate[s] no federal interest." *Id.* And here, as in *Legendre*, Huntington Ingalls makes no showing that it could not have adopted the safety measures Templet alleges would have prevented his injuries. *See id.* Because of this, the district court correctly held that Huntington Ingalls failed to show the required "causal nexus" to support federal jurisdiction under 28 U.S.C. § 1442.

For these reasons we AFFIRM the district court's order remanding this case to state court.