# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2018

Lyle W. Cayce
Clerk

SANDRA VICKNAIR MELANCON; LYNN M. MELANCON,

      Plaintiffs–Appellees,

v.

LAMORAK INSURANCE COMPANY, as successor in interest to the liability for policies of insurance Commercial Union Insurance Company, Employers Commercial Union Insurance Company, and American Employers Insurance Company issued by; HUNTINGTON INGALLS, INCORPORATED, formerly known as Northrop Grumman Shipbuilding, Incorporated, formerly known as Northrop Grumman Ship Systems, Incorporated, formerly known as Avondale Industries, Incorporated, formerly known as Avondale Shipyards, Incorporated, formerly known as Avondale Marine Ways, Incorporated; ALBERT BOSSIER, JR.; J. MELTON GARRETT,

      Defendants–Appellants.

---

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-12367

---

No. 18-30113

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

This case is the latest in an ever-increasing line of cases brought by former Huntington Ingalls employees or their family members in state court alleging asbestos exposure.[1] Tyrone Melancon's widow Sandra Melancon and his daughter Lynn Melancon filed suit in Louisiana state court alleging that their husband and father was exposed to asbestos while working for Huntington Ingalls. They allege that Tyrone Melancon's exposure to asbestos and asbestos-containing products occurred on a daily basis from 1965 to 1979 while he was employed at the Huntington Ingalls shipyard and that this exposure contributed to his development of mesothelioma and eventual death. The Melancons sued Huntington Ingalls, Huntington Ingalls executives Albert Bossier, Jr. and J. Melton Garrett, and Lamorak Insurance Company (collectively, Huntington Ingalls) for negligent failure to warn Tyrone Melancon of the dangers of asbestos and failure to implement safety procedures for handling asbestos.

Huntington Ingalls removed the case to the United States District Court for the Eastern District of Louisiana under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), alleging that removal was permissible because the company used and installed asbestos-containing materials during the construction of Navy and Coast Guard ships. The government had contractually mandated the use of asbestos-containing materials in the construction of these ships and government officials frequently inspected the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See e.g.*, *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018); *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016); *Templet v. Huntington Ingalls, Inc.*, 720 F. App'x 726 (5th Cir. 2018) (per curiam) (unpublished).

ships to ensure compliance with these specifications. The Melancons moved to remand to state court, and the district court granted the motion to remand. The district court held that Huntington Ingalls did not satisfy the causal nexus requirement necessary for federal officer removal because the government officials had no control over the warnings provided by Huntington Ingalls or the safety procedures implemented. Huntington Ingalls appeals.

We review a district court's decision on a motion to remand de novo.[2] While this court "ordinarily . . . resolve[s] any doubts about removal in favor of remand," we review a federal officer removal decision "without a thumb on the remand side of the scale."[3] Under 28 U.S.C. § 1442, a suit filed in state court may be removed to the federal district court for an action against any officer or agent of the United States "for or relating to any act under color of such office."[4] The "or relating to" language was added to the statute in 2011.[5] As this court recently confirmed in *Zeringue v. Crane Company*, to remove under § 1442, a defendant must show: "(1) that it is a person within the meaning of the statute, (2) that it has 'a colorable federal defense,' (3) that it 'acted pursuant to a federal officer's directions,' and (4) 'that a causal nexus exists between [its] actions under color of federal office and the plaintiff's claims.'"[6]

To establish a causal nexus, "both before and after the 2011 amendment," the removing party must establish "a nexus, a 'causal connection' between the charged conduct and asserted official authority."[7] For strict liability claims that "rest on the mere use of asbestos," a causal nexus is

---

[2] *Savoie*, 817 F.3d at 462.

[3] *Id.*

[4] 28 U.S.C. § 1442(a).

[5] *Legendre*, 885 F.3d at 400 (citing *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017)).

[6] 846 F.3d at 789 (quoting *Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172 (5th Cir. 2015)).

[7] *Id.* at 793 (quoting *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999)).

established because "the government obligates the defendant to use the allegedly defective product that causes the plaintiff's harm."[8]   However, this court recently confirmed in *Legendre v. Huntington Ingalls, Inc.* that when the "'charged conduct'" is negligent failure "to warn, train, and adopt safety procedures regarding asbestos," removal would be inappropriate because the nexus requirement is not met.[9]   While the 2011 amendment to § 1442 unquestionably broadened the scope of the statute and "shifted the causal nexus calculus,"[10] this court has declined to extend § 1442 to "private conduct that implicate[s] no federal interest," as this would "stretch[] the causal nexus requirement to the point of irrelevance."[11]

Here, as in *Legendre* and *Templet v. Huntington Ingalls, Inc.*, the Melancons allege negligence pertaining to the failure to "warn, train, and adopt safety procedures."   This court has held that such "private conduct . . . implicate[s] no federal interest."[12]   As in *Legendre*, "nothing . . . suggests that [Huntington Ingalls] was not 'free to adopt the safety measures the plaintiffs now allege would have prevented their injuries.'"[13]   There is no evidence that Huntington Ingalls could not have adopted the warnings or safety procedures proposed by the Melancons.   Under our current precedent, the district court properly held that Huntington Ingalls failed to show a "causal nexus" between the government's actions and the charged conduct as required under 28 U.S.C. § 1442.

---

[8] *Savoie*, 817 F.3d at 465-66.

[9] 885 F.3d at 402 (quoting *Zeringue*, 846 F.3d at 794).

[10] *Id.* at 401.

[11] *Id.* at 402 (quoting *Zeringue*, 846 F.3d at 794).

[12] *Id.*; *Templet v. Huntington Ingalls, Inc.*, 720 F. App'x 726, 727 (5th Cir. 2018) (per curiam) (unpublished)

[13] 885 F.3d at 402-03 (quoting *Bartel v Alcoa S.S. Co.*, 805 F.3d 169, 174 (5th Cir. 2015)).

No. 18-30113

The causal nexus test derives from the pre-2011 statutory language.[14] Huntington Ingalls seeks a revised approach that eliminates the causal requirement from the nexus test following the 2011 amendment. Yet this court has already altered this test to incorporate the new "relating to" language. This court has acknowledged that "[t]he 2011 amendment expanded the breadth of acts sufficient to establish a causal nexus even further," but the court explained that the "causal nexus inquiry 'must . . . be tailored to fit the facts of each case.'"[15] A showing "of precise federal direction" is not required, and the "plain import of the phrase 'relating to' is that *some* attenuation is permissible," but the court "cannot attenuate the causal nexus requirement 'to the point of irrelevance.'"[16] We are bound by our precedent. The district court's order remanding this case to state court is AFFIRMED.

---

[14] *Id.* at 403.

[15] *Zeringue*, 846 F.3d at 793 (quoting *Willingham v. Morgan*, 395 U.S. 402, 408 (1969)).

[16] *Id.* at 794 (quoting *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015)).