## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2020

No. 19-50276

Lyle W. Cayce
Clerk

KATHERINE P.,

   Plaintiff - Appellant

v.

HUMANA HEALTH PLAN, INCORPORATED,

   Defendant - Appellee

———————————

Appeal from the United States District Court
for the Western District of Texas

———————————

Before KING, COSTA, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

To treat her eating disorder, Katherine P. received partial hospitalization treatment—intensive treatment in a hospital setting, but without an overnight hospital stay—at Oliver-Pyatt Centers for nearly three months. Her insurer, Humana, agreed to pay for the first twelve days of her treatment. But it denied coverage for the remainder, concluding that partial hospitalization was not "medically necessary" as required for coverage under her health insurance plan. Katherine P. disagreed with Humana's coverage decision and brought this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). On cross-motions for

No. 19-50276

summary judgment, the magistrate recommended that the district court enter judgment for Humana. The district court accepted the recommendation.

We review ERISA claims such as this one under the framework set forth in *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246 (5th Cir. 2018) (en banc). That is, we limit our review of the coverage decision to the administrative record, and we apply de novo review unless the insurance plan "lawfully delegates discretionary authority to the plan administrator." *See id.* at 247, 256. Since neither party seriously contends that there was such a lawful delegation, de novo review is proper.[1]

There is an open question whether it is appropriate to resolve ERISA claims subject to de novo review on summary judgment, or whether the district court should conduct a bench trial. *See Koch v. Metro. Life Ins. Co.*, 425 F. Supp. 3d 741, 746–47 (N.D. Tex. 2019) (canvassing the different approaches). But the parties assumed that summary judgment was proper here. So we do not reach the issue, instead deciding this appeal using normal summary judgment standards. *See Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946, 951 n.4 (8th Cir. 2010) ("We decline to decide the propriety of the use of summary judgment procedures in this case because the issue was not raised by the parties."). Under those standards, there is a genuine dispute of material fact precluding summary judgment. Accordingly, we vacate and remand for further proceedings.

## I.

The central dispute between the parties is whether further partial hospitalization was "medically necessary" for Katherine P., as her insurance

---

[1] Humana says in a footnote that the court should review its decision for an abuse of discretion because ERISA preempts Texas's discretionary clause ban. It does not say why, and so has waived the issue. *See Savoie v. Huntington Ingalls, Inc.*, 824 F.3d 468, 469 (5th Cir. 2016) (per curiam).

plan defines the term.  Under the plan, "medically necessary" means "health care services that a health care practitioner exercising prudent clinical judgment would provide" that are "[i]n accordance with nationally recognized standards of medical practice," "clinically appropriate," "[n]ot primarily for the convenience of the patient" or her providers, and "[n]ot more costly than an alternative" that would be just as effective.  "Medically necessary" services must also have a grounding in "standards that are based on credible scientific evidence."

Here, Humana's reviewers used the Mihalik Criteria to evaluate Katherine P.'s claim.  The criteria provide four factors for determining if partial hospitalization is medically necessary.  Per the criteria, partial hospitalization is medically necessary if a patient meets the first two factors (denominated ED.PM.1 and ED.PM.2) and either one of the last two (denominated ED.PM.3 and ED.PM.4).

The reviewers concluded that Katherine P. failed ED.PM.3 and ED.PM.4.  ED.PM.3 requires that the patient have "experienced a recent significant, though not necessarily acute, decline in weight to levels substantially below healthy body weight which persists despite appropriate treatment at less intense levels of care."  ED.PM.4 requires the patient to satisfy three conditions:

> ED.PM.4.1:  That she has "longstanding difficulties [involving eating disorder behavior] which place the [patient] at increased risk for medical complications, significant weight reduction or use of services at a higher level of care;"
>
> ED.PM.4.2:  That "[t]reatment at a less intense level of care has been unsuccessful in controlling eating, purging and compulsive exercise behavior;"

No. 19-50276

ED.PM.4.3:   That "[t]he structure Partial Hospitalization can provide can reduce these behaviors."

The district court granted Humana summary judgment, adopting the magistrate's conclusion that Katherine P. failed ED.PM.3 and the ED.PM.4.2 sub-criteria.  We vacate and remand.

## II.

"We review a district court's grant of summary judgment in ERISA cases de novo, applying the same standards as the district court." *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 250 (5th Cir. 2019). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Nichols v. Reliance Standard Life Ins. Co.*, 924 F.3d 802, 808 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)).

Here, Katherine P. argues, *inter alia*, that the district court erred in disregarding evidence that Humana's reviewers were conflicted and in using the Mihalik Criteria to evaluate her claim.  We do not address those issues, however, because the entry of summary judgment was improper for a different reason—namely, that the administrative record shows that there is a genuine dispute about whether Katherine P. met the ED.PM.4.2 sub-criteria.

To reiterate, ED.PM.4.2 requires that a patient show that "[t]reatment at a less intense level of care has been unsuccessful in controlling" her eating disorder.  And there is evidence in the administrative record that suggests Katherine P. satisfied that requirement.  For example, in her last appeal to Humana, Katherine P. provided a declaration describing her history of failed treatment.  In it, she listed past failed treatment regimens, including outpatient treatment.  Her mother likewise provided a declaration making essentially the same point.

Furthermore, Katherine P.'s physicians said she was "unable to follow a weight gain meal plan and to abstain from symptoms of purging and restricting while she was at a lower level of care." And while the opinions of Katherine P.'s treating physicians do not receive "special weight," *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003), they are competent summary judgment evidence.

That is not to say that all the evidence indicates that Katherine P. met the ED.PM.4.2 criteria. Her same declaration, for example, shows that she participated in an eight-week intensive outpatient program in late 2010 that failed due to external trauma—not because the treatment was ineffective. And Humana noted that the 2010 treatment was her most recent course of treatment prior to her admittance to Oliver-Pyatt about a year and a half later. A factfinder could therefore conclude that Katherine P. failed to show that she met ED.PM.4.2. *See Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 512–13 (5th Cir. 2010) (noting that the claimant bears the burden of proof).

But the weighing of evidence is for the district court on remand. All that matters here is that there is a "dispute[] over facts that might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment for Humana was therefore inappropriate.

**\* \* \***

We limit our ruling to ED.PM.4.2. On remand, the district court may, in its discretion, decide to treat as established other material facts it determined in ruling on the summary judgment motions. *See* FED. R. CIV. P. 56(g); *Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975). And while we leave the exact procedures to the district court's sound discretion, there is authority that it need not conduct a traditional trial but rather just review the administrative record and make findings of fact and conclusions of law. *See Kearney v.*

*Standard Ins. Co.*, 175 F.3d 1084, 1094–95 (9th Cir. 1999) (en banc) (discussing that procedure).

We vacate and remand for proceedings consistent with this opinion.